# Exhibit F

FILED: NASSAU COUNTY CLERK 04/23/2015 02:31 PM
NYSCEF DOC. NO. 125
INDEX NO. 606919/2014
RECEIVED NYSCEF: 04/23/2015

Case 18-15691-CMG    Doc 43-8    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit F - 4-23-15 order in Engelberg Derivative Litigation    Page 2 of 7

SHORT FORM ORDER

SUPREME COURT - STATE OF NEW YORK

Present:

HON. STEPHEN A. BUCARIA

Justice

TRIAL/IAS, PART 1
NASSAU COUNTY

MICHAEL ENGELBERG, derivatively on behalf of the American Center for Civil Justice, Inc.,

INDEX No. 606919/14

MOTION DATE: April 7, 2015
Motion Sequence # 004

Plaintiff,

-against-

ELIEZER PERR, JEDIDIAH PERR and MILTON POLLACK,

Defendants,

THE AMERICAN CENTER FOR CIVIL JUSTICE, INC.,

Nominal Defendant.

The following papers read on this motion:

Notice of Motion.......................................... X
Affidavit in Opposition............................... X
Reply Affirmation....................................... X
Memorandum of Law................................ X

Motion by defendants Eliezer Perr, Jeddiah Perr, and Milton Pollack to dismiss the complaint is **denied**.

1

**ENGELBERG v PERR, et al**                                    Index no. 606919/14

This is a derivative action on behalf of a not-for-profit corporation, nominal defendant The American Center for Civil Justice, Inc. ("American Center"). American Center engages in litigation to obtain compensation for the estates of victims of terrorist activity.

Plaintiff Michael Engelberg and defendant Eliezar Perr founded American Center's predecessor organization, The Raoul Wallenberg Center for Civil Justice, Inc., and became its initial directors on November 26, 1996. The Wallenberg Center's certificate of incorporation provided that the purpose of the corporation was to "establish a civil rights organization for the benefit of victims of terrorism in the United States and abroad... to maintain a network of lawyers, researchers, journalists, investigators, and government officials to further the purposes of this corporation; ...to advise victims of their rights and methods of addressing compensation for acts of terror...."

On January 20, 2005, Raoul Wallenberg Center changed its name to American Center for Civil Justice, Inc. At the same time, the certificate of incorporation was amended to provide that the corporation was organized for "charitable, religious, and educational purposes," and to permit "distributions to such organizations and those that are committed to perpetuate the causes of civil liberties, civil justice, religious freedom and tolerance as guaranteed by the U.S. Constitution, and those that qualify as exempt organizations under § 501 of the Internal Revenue Code...."

In September 2013, American Center purported to adopt amended bylaws, providing that American Center would have no members and would be managed by the board of directors (Defendants' ex C). Defendant Eliezar Perr is a director of American Center; Engelberg alleges that defendant Jedidiah Perr, Eliezar's son, is a de facto officer of the corporation. Defendant Milton Pollack is a member of the board of American Center and was formerly its president. Engelberg alleges that he is currently a member of American Center's board.

American Center enters into agreements with the claimants whereby they agree to pay 20 % of the recovery, including legal fees, to American Center to support its mission. Engelberg alleges that the defendants have diverted over $20 million of American Center funds to profit and not-for-profit companies which they own or control. Engelberg further alleges that defendants have donated over $800,000 of American Center funds to various Jewish and educational organizations unrelated to American Center's purpose of compensating victims of terrorist activity.

**ENGELBERG v PERR, et al**                                   Index no. 606919/14

   Plaintiff commenced this action pursuant to Not-For-Profit Corporation Law § 720 on December 29, 2014. Plaintiff asserts that he did not make a demand on American Center's board to bring this action because it would have been futile. The first cause of action is against Eliezar and Jedidiah for breach of fiduciary duty by allegedly diverting settlement proceeds to another not-for-profit, The American Center for Civil Justice, Religious Liberty, and Tolerance, Inc, which Jedidiah established in New Jersey. The second cause of action is against Jedidiah for allegedly diverting terrorism litigation to American Recovery Center, LLC, ("ARC"), a for-profit limited liability company of which he is the sole member. The third cause of action is against Eliezar and Jedidiah for the alleged unlawful conveyance of settlement proceeds. The fourth cause of action is to remove Eliezar and Jedidiah as officers or directors of American Center for allegedly providing false documents to the IRS. The fifth cause of action is to remove Eliezar and Jedidiah as officers or directors of American Center for alleged unlawful conveyance of settlement proceeds. The sixth cause of action is to remove Jedidiah as an officer or director of American Center for allegedly diverting terrorism litigation to ARC. The seventh cause of action is against Eliezar and Jedidiah for breach of fiduciary duty for allegedly donating $837,000 of American Center funds to Jewish religious and educational organizations. The eighth cause of action is for unlawful conveyance of the $837,000. The ninth cause of action is to remove Eliezar and Jedidiah as officers and directors of American Center for unlawfully donating the $837,000 of American Center funds. The tenth cause of action is for an accounting.

   Defendants move to dismiss the complaint for lack of standing, statute of limitations, and failure to state a cause of action. Defendants allege that Engelberg's term as director expired on September 18, 2014 and another person was elected to replace him. In opposition, Engelberg maintains that he is still a member of American Center and the purported 2013 bylaws amendment, as well as a prior amendment in 2005, were never validly adopted.

   Not-For-Profit Corporation Law § 720(b) provides that a derivative action for breach of fiduciary duty may be brought by the Attorney General; a director or officer of the corporation; a receiver, trustee in bankruptcy, or judgment creditor of the corporation; one or more of its members; and certain other individuals. In order to protect the corporation from strike suits, and to ensure that management will be entrusted, in the first instance, to the discretion of the board of directors, the plaintiff in a derivative action on behalf of a business corporation must be a shareholder at the time suit is initiated (Business Corporation Law § 626; ***Balk v 125 W. 92nd St Corp.***, 24 AD3d 193 [1st Dept 2005]). However, there may be "special interest" factors, causing the court to relax the usual rules of standing, when a derivative action is brought on behalf of a charitable corporation (***Consumers Union v New York***, 5 NY3d 327, 353 [2005]). Because of Engelberg's unique interest as a founder

**ENGELBERG v PERR, et al**                                                  **Index no. 606919/14**

of American Center, and a director at least until the time that the dispute with the Perrs arose, Engelberg has standing to bring this derivative action. Defendants' motion to dismiss for lack of standing is **denied**.

Defendants argue that they did not breach any fiduciary duty to American Center because the terrorism litigation diverted to other companies was not a "corporate asset" of the corporation. Defendants argue that donating to other charities, whose purpose is unrelated to obtaining compensation for victims of terrorism, is not a breach of fiduciary duty to American Center. Defendants that plaintiff has not alleged grounds for their removal as officers. Finally, defendant Jedidiah argues that he cannot be held liable as a "de facto officer" of American Center.

Not-For-Profit Corporation Law § 720(a) provides that a derivative action may brought against a director, officer, or key employee of a not-for-profit corporation to compel defendant to account for failure to perform his duties 1) in the management and disposition of corporate assets, or 2) the acquisition by himself or transfer to others of corporate assets. An action may also be brought to set aside an unlawful conveyance, where the transferee knew of its unlawfulness.

Where an officer of a not-for-profit corporation diverts a corporate opportunity, by channeling resources or corporate business, to another entity in which he has an interest, the officer has breached his fiduciary duty to the not-for-profit corporation (***Baptist Churches v Galloway***, 271 AD2d 92, 97 [1st Dept 2000]). A not-for profit corporation is not the same as a corporation which loses money. It is simply a corporation that devotes whatever proceeds it receives from its operations to charitable causes rather than disbursing the funds as dividends to shareholders and compensation to executives (Id). Just as the goal of a for-profit corporation is to make money for its investors, the goal of a not-for-profit is to make money that can be spent on furthering its social welfare objectives. Both types of companies have suffered an injury when a fiduciary's misconduct frustrates these goals (Id at 98).

In the present case, defendants did not simply refer a homeless person to a soup kitchen or housing shelter which would better suit their needs. Because the terrorism litigation contract provided for a 20 % split with the American Center, defendants allegedly deprived the American Center of a charitable money making opportunity. Defendants' motion to dismiss the first and second causes of action for failure to state a cause of action is **denied**.

**ENGELBERG v PERR, et al**                                                                 Index no. 606919/14

It is clear that Engelberg and Perr each have a different vision as to the future of American Center. Engelberg sees the corporation's sole mission as obtaining compensation for victims of terrorism, while Perr wants it to branch out into other areas which he regards as charitable. This internal dissension may be so fundamental as to require the dissolution of American Center and the joining of the Attorney General (See Not-For-Profit Corporation Law § 1102). Nevertheless, on this motion to dismiss, the court must give plaintiff the benefit of the favorable inference that American Center's certificate of incorporation was not validly amended so as to permit donations to charitable organizations whose purposes are not related to seeking compensation for victims of terrorism. The court must further give plaintiff the benefit of the favorable inference that the business judgment rule does not protect defendants' actions because defendants were not in good faith. Defendants' motion to dismiss the third, seventh, and eighth causes of action for failure to state a cause of action is **denied**.

Not-For-Profit Corporation Law § 706(d) provides that an action to procure a judgment removing a director for cause may be brought by the Attorney General or by 10 % of the members whether or not entitled to vote. On this motion to dismiss, the court must give plaintiff the benefit of the favorable inference that he represents 10 % of the members of American Center and defendants have been guilty of misconduct justifying their removal for cause. Defendants's motion to dismiss the fourth, fifth, sixth, and ninth causes of action for failure to state a cause of action are **denied**.

Finally, based on the allegation that defendant Jedidiah Perr is a de facto officer of American Center, the court must give plaintiff the benefit of the favorable inference that Jedidiah is a key employ of the not-for-profit corporation. Defendant Jedidiah Perr's motion to dismiss the complaint for failure to state a cause of action is **denied**.

Defendants argue that the first, third, and fifth causes of action are barred by the six year statute of limitations (CPLR § 213[7]). Defendants assert that the rights to the settlement proceeds were assigned on April 12, 2007 pursuant to an agreement between American Center and American Center in New Jersey. The agreement is signed by defendant Pollack on behalf of American Center and by defendant Jedidiah on behalf of the New Jersey company (Complaint ex. 12).

In opposition, plaintiff argues that the April 2007 agreement is a post hoc fabrication. Regardless of the authenticity of the agreement, the statute of limitations is tolled until the fiduciary has openly repudiated his obligations or the relationship has otherwise been terminated (***People v Ben***, 55 AD3d 1306,1308 [4th Dept 2008]). The purpose of the rule is

5

ENGELBERG v PERR, et al											Index no. 606919/14

to protect the beneficiaries of the charitable corporation, in this case the victims of the terrorist activity, who have a right to rely on the fiduciary's loyalty and skill without the necessity of interrupting the relationship of trust by bringing suit (Id). Because the April 2007 agreement was between defendants Pollack and Jedidiah, defendants have not established that they repudiated American Center's right to the settlement proceeds more than six years before the commencement of the action. Defendants' motion to dismiss the first, third, and fifth causes of action based upon the statute of limitations is **denied**.

So ordered.

Dated __APR 2 3 2015__						_____
															J.S.C.

ENTERED

APR 2 3 2015

NASSAU COUNTY
COUNTY CLERK'S OFFICE