# Exhibit G

FILED: NASSAU COUNTY CLERK 06/22/2016 03:37 PM
NYSCEF DOC. NO. 228
Case 18-15691-CMG    Doc 43-9    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit G - 6-22-16 order in Engelberg Derivative Litigation    Page 2 of 6
INDEX NO. 606919/2014
RECEIVED NYSCEF: 06/22/2016

SHORT FORM ORDER

**ORIGINAL**

SUPREME COURT - STATE OF NEW YORK

Present:

**HON. STEPHEN A. BUCARIA**
                             Justice

TRIAL/IAS, PART 1
NASSAU COUNTY

MICHAEL ENGELBERG, derivatively on
behalf of the American Center for Civil Justice,
Inc.,

INDEX No. 606919/14

MOTION DATE: May 31, 2016
Motion Sequence # 007, 008

                  Plaintiff,

                  -against-

ELIEZER PERR, JEDIDIAH PERR and
MILTON POLLACK,

                  Defendants,

THE AMERICAN CENTER FOR CIVIL
JUSTICE, INC.,

                  Nominal Defendant.

The following papers read on this motion:

        Notice of Motion........................................ XX
        Affirmation/Affidavit in Support.............. XX
        Affirmation in Opposition......................... XX
        Memorandum of Law................................ XXXX
        Reply Memorandum of Law...................... XX

    Motion by plaintiff Michael Engelberg to dismiss defendants' Eliezer and Jedidiah Perr and Milton Pollack's counterclaims is **granted** in part and **denied** in part. Motion by

1

**ENGELBERG v PERR, et al**                              **Index no. 606919/14**

plaintiff to dismiss defendant American Center for Civil Justice's counterclaims is **granted** in part and **denied** in part.

This is a derivative action on behalf of a not-for-profit corporation, nominal defendant The American Center for Civil Justice, Inc. ("American Center"). American Center engages in litigation to obtain compensation for the estates of victims of terrorist activity.

Plaintiff Michael Engelberg and defendant Eliezar Perr founded American Center's predecessor organization, The Raoul Wallenberg Center for Civil Justice, Inc., and became its initial directors on November 26, 1996. The Wallenberg Center's certificate of incorporation provided that the purpose of the corporation was to "establish a civil rights organization for the benefit of victims of terrorism in the United States and abroad... to maintain a network of lawyers, researchers, journalists, investigators, and government officials to further the purposes of this corporation; ...to advise victims of their rights and methods of addressing compensation for acts of terror...."

On January 20, 2005, Raoul Wallenberg Center changed its name to American Center for Civil Justice, Inc. At the same time, the certificate of incorporation was amended to provide that the corporation was organized for "charitable, religious, and educational purposes," and to permit "distributions to such organizations and those that are committed to perpetuate the causes of civil liberties, civil justice, religious freedom and tolerance as guaranteed by the U.S. Constitution, and those that qualify as exempt organizations under § 501 of the Internal Revenue Code...."

In September 2013, American Center purported to adopt amended bylaws, providing that American Center would have no members and would be managed by the board of directors. Defendant Eliezar Perr is a director of American Center; Engelberg alleges that defendant Jedidiah Perr, Eliezar's son, is a de facto officer of the corporation. Defendant Milton Pollack is a member of the board of American Center and was formerly its president. Engelberg alleges that he is currently a member of American Center's board.

American Center enters into agreements with the claimants whereby they agree to pay 20 % of the recovery, including legal fees, to American Center to support its mission. Engelberg alleges that the defendants have diverted over $20 million of American Center funds to profit and not-for-profit companies which they own or control. Engelberg further alleges that defendants have donated over $800,000 of American Center funds to various Jewish and educational organizations unrelated to American Center's purpose of compensating victims of terrorist activity.

2

**ENGELBERG v PERR, et al**                                    Index no. 606919/14

    Plaintiff commenced this action pursuant to Not-For-Profit Corporation Law § 720 on December 29, 2014. Plaintiff asserts that he did not make a demand on American Center's board to bring this action because it would have been futile. The first cause of action is against Eliezar and Jedidiah for breach of fiduciary duty by allegedly diverting settlement proceeds to another not-for-profit, The American Center for Civil Justice, Religious Liberty, and Tolerance, Inc., which Jedidiah established in New Jersey. The second cause of action is against Jedidiah for allegedly diverting terrorism litigation to American Recovery Center, LLC, ("ARC"), a for-profit limited liability company of which he is the sole member. The third cause of action is against Eliezar and Jedidiah for the alleged unlawful conveyance of settlement proceeds. The fourth cause of action is to remove Eliezar and Jedidiah as officers or directors of American Center for allegedly providing false documents to the IRS. The fifth cause of action is to remove Eliezar and Jedidiah as officers or directors of American Center for alleged unlawful conveyance of settlement proceeds. The sixth cause of action is to remove Jedidiah as an officer or director of American Center for allegedly diverting terrorism litigation to ARC. The seventh cause of action is against Eliezar and Jedidiah for breach of fiduciary duty for allegedly donating $837,000 of American Center funds to Jewish religious and educational organizations. The eighth cause of action is for unlawful conveyance of the $837,000. The ninth cause of action is to remove Eliezar and Jedidiah as officers and directors of American Center for unlawfully donating the $837,000 of American Center funds. The tenth cause of action is for an accounting.

    In their answer, defendants Eliezer Perr, Jedidiah Perr, and Milton Pollack assert counterclaims for libel, slander, breach of fiduciary duty, and a declaratory judgment that plaintiff Engelberg is not a director of American Center. Defendants allege that, pursuant to a contract dated April 12, 2007 and amended in 2013, the New Jersey American Center attempts to collect judgments on behalf of successful claimants. Defendants allege that plaintiff Engelberg has enriched himself by paying himself an excessive salary and pension benefits from the American Center and channeling funds to a charity which he controlled, the New York Center for Civil Justice, Tolerance & Values, Inc. Defendants assert that plaintiff Engelberg published "hundreds of defamatory statements" in the complaint in the present action.

    In its answer, defendant American Center for Civil Justice asserts counterclaims for a declaratory judgment that plaintiff Engelberg is not a director of American Center, breach of fiduciary duty, tortious interference with business relationship, libel, slander, breach of fiduciary duty under Not-For-Profit Law § 720, unlawful conveyance under Not-For-Profit Law § 720, and replevin of American Center corporate records.

3

**ENGELBERG v PERR, et al**                                         **Index no. 606919/14**

By order dated April 23, 2015, defendants' motion to dismiss the complaint for lack of standing was denied. Not-For-Profit Corporation Law § 720(a) provides that an action may brought against a director, officer, or key employee of a not-for-profit corporation to compel defendant to account for failure to perform his duties 1) in the management and disposition of corporate assets, or 2) the acquisition by himself or transfer to others of corporate assets. An action may also be brought to set aside an unlawful conveyance, where the transferee knew of its unlawfulness. Not-For-Profit Corporation Law § 720(b) provides that an action may be brought for such relief by the Attorney General; a director or officer of the corporation; and certain other individuals. The court noted that "special interest" factors may require relaxing the usual rules of standing, when a derivative action is brought on behalf of a charitable corporation (***Consumers Union v New York***, 5 NY3d 327, 353 [2005]). The court held that because of Engelberg's unique interest as a founder of American Center, and a director at least until the time that the dispute with the Perrs arose, Engelberg had standing to bring this derivative action.

By notice of motion dated April 15, 2016, plaintiff moves to dismiss all of defendants' counterclaims. Plaintiff argues that a plaintiff suing derivatively is not subject to counterclaims in his individual capacity. Plaintiff argues that the alleged defamatory statements are protected by a qualified privilege. Plaintiff argues that the tortious interference claim is insufficient because it is founded on defamation claim which is itself without merit. In opposition, defendants argue that a director bringing a claim on behalf of the not-for-profit corporation does so in his individual capacity.

Where a derivative action is brought on behalf of a business corporation, a counterclaim may not be interposed against the shareholder in his individual capacity (***Select Theatres Corp. v Harms***, 273 A.D. 505 [1st Dept 1948]). Nevertheless, where a director or former director brings an action against another director on behalf of a not-for-profit corporation, defendant may counterclaim against the plaintiff director for breach of fiduciary duty or other claims related to the business of the not-for-profit corporation (Cf. ***Michelman-Cancelliere Iron Works v Kiska Construction Corp.***, 18 AD3d 722 [2d Dept 2005]). Plaintiff's motion to dismiss defendants' counterclaims on the ground that plaintiff is not subject to suit in his individual capacity is **denied**.

A communication made by one person to another upon a subject in which both have an interest is protected by the "common interest" privilege (***Liberman v Gelstein***, 80 NY2d 429, 437 [1992]). The common interest privilege is a qualified privilege which will protect communications which were not spoke with malice (Id). The court concludes as a matter of law that the communications alleged in plaintiff's complaint were not issued with malice.

4

**ENGELBERG v PERR, et al**                                  **Index no. 606919/14**

Plaintiff's motion to dismiss defendants' counterclaims for defamation is **granted**. Defendants Eliezer and Jedidiah Perr and Milton Pollack's first and second counterclaims and defendant American Center's fourth and fifth counterclaims are **dismissed**. Also **dismissed** is defendant American Center's third counterclaim for tortious interference to the extent that it is based on defamation.

On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction. The court must accept the allegations of the complaint as true and provide plaintiff the benefit of every possible favorable inference. Further, any deficiencies in the complaint may be amplified by supplemental pleadings and other evidence. Whether plaintiff can ultimately establish his allegations is not part of the calculus in determining a motion to dismiss but must await a summary judgment motion (*AG Capital Funding Partners v. State Street Bank and Trust Co.*, 5 NY3d 582, 591 [2005]).

On this motion to dismiss, the court must give defendants the benefit of the possible favorable inference that plaintiff Engelberg paid himself excessive salary and pension benefits both directly and through the New York Center for Civil Justice. Accordingly, plaintiff's motion to dismiss defendants Eliezer and Jedidiah Perr and Milton Pollack's third, and fourth counterclaims is **denied**. Plaintiff's motion to dismiss defendant American Center for Civil Justice's first, second, third counterclaim (to the extent based upon breach of fiduciary duty), sixth, seventh, eighth, and ninth counterclaims is **denied**.

Any arguments not addressed herein are deemed to be without merit.

So ordered.

Dated **JUN 2 1 2016**

_____
J.S.C.

**ENTERED**

JUN 2 2 2016

NASSAU COUNTY
COUNTY CLERK'S OFFICE