# Exhibit I

SHORT FORM ORDER

SUPREME COURT - STATE OF NEW YORK

Present:

**HON. STEPHEN A. BUCARIA**

Justice

---

MICHAEL ENGELBERG, derivatively on behalf
of the American Center for Civil Justice, Inc.,

Plaintiff,

-against-

ELIEZER PERR, JEDIDIAH PERR and
MILTON POLLACK, and AMERICAN CENTER
FOR CIVIL JUSTICE, RELIGIOUS LIBERTY
AND TOLERANCE, INC.

Defendants.

---

THE AMERICAN CENTER FOR CIVIL JUSTICE, INC.,

Nominal Defendant.

THE NEW YORK CENTER FOR CIVIL JUSTICE,
TOLERANCE & VALUES, INC.,

Additional Defendant on Counterclaims.

---

TRIAL/IAS, PART 1
NASSAU COUNTY

INDEX No. 606919/14

MOTION DATE: 10/4/17
Motion Sequence 013, 014

---

The following papers read on this motion:

  Notice of Motion.........................................XX
  Affirmation in Support...............................XX
  Memorandum of Law in Opposition.........X
  Memorandum of Law in Support..............XX

1

FILED: NASSAU COUNTY CLERK 11/30/2017 03:48 PM                INDEX NO. 606919/2014
NYSCEF DOC. NO. 122                                               RECEIVED NYSCEF: 11/30/2017
Case 18-15691-CMG    Doc 43-11    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
          Exhibit I - 11-30-17 order in Engelberg Derivative Litigation    Page 3 of 8

**ENGELBERG v PERR**                                    **Index No.: 606919/14**

Motion by defendants American Center for Civil Justice, Religious Liberty and Tolerance, Inc. and Jedidiah Perr to dismiss the amended complaint for lack of personal jurisdiction, statute of limitations, a defense founded upon documentary evidence, and failure to state a cause of action, or in the alternative compelling arbitration is **denied**. Cross-motion by plaintiff Michael Engelberg to compel the New Jersey Center to file an accounting and to enjoin it from disbursing funds any pending further order of the court is **granted**.

This is a derivative action on behalf of a not-for profit corporation. Plaintiff Michael Engelberg was a founder of The Raoul Center for Civil Justice, Inc., the predecessor of nominal defendant The American Center for Civil Justice, Inc ("ACCJ"). ACCJ is a New York non-profit corporation which advises victims of terrorism as to how to obtain compensation and retains counsel for the victims in order to pursue personal injury actions. Although ACCJ is a charitable organization pursuant to Internal Revenue Code § 501[c](3), it is funded largely by "pledges," or agreements with the victims, to pay 20 or 25% of their recoveries to the non-profit corporation.

Defendant The American Center for Civil Justice, Religious Liberty and Tolerance, Inc., a New Jersey non-profit corporation, ("New Jersey Center") was formed by defendant Jedidiah Perr in 2001. During 2003, various ACCJ clients obtained default judgments against Iran in terrorism litigation (See, Diana Campuzano, et al. v. Neal Sher, Michael Engelberg, and The American Center for Civil Justice, Index No 605379/16). However, collection of these judgments proved exceedingly difficult.

Defendants allege that on April 12, 2007 ACCJ entered into an agreement with the New Jersey Center (Dkt 13). The agreement recites that ACCJ clients had obtained judgments against Iran and Libya, but "ACCJ does not see itself [as] able" to collect the judgments, and "no collection/recovery efforts by ACCJ have been undertaken." The agreement provides that the New Jersey Center was appointed as the "exclusively authorized entity representing recovery efforts on behalf of ACCJ and ACCJ's claimants." The New Jersey Center undertook to "trace and locate attachable assets of debtors, both in the U.S. and abroad." The New Jersey Center would "assist and oversee various agreements with attorneys, responsible for enforcing the judgments, as well as agreements with experts and researchers." The New Jersey Center would "interact [with] and update claimants throughout the collection process, as it deems necessary." Finally, the New Jersey Center would "oversee the distribution of monies from all recoveries to the engaged attorneys, experts, and claimants."

For these services, the New Jersey Center was to receive, after all expenses and costs were paid, "50% of ACCJ's financial commitment from claimants." The agreement contains a provision that if "disagreement cannot be mutually resolved," the parties agree to "legal

**ENGELBERG v PERR**                                  Index No.: 606919/14

arbitration by Rabbinical court." The agreement was signed by defendant Milton Pollack on behalf of ACCJ and by defendant Jedidiah Perr on behalf of the New Jersey Center.

On October 8, 2013, Neal Sher, Esq., general counsel to ACCJ, purporting to act on behalf off ACCJ, entered into an amendment to the April 2007 agreement with Jedidiah Perr, on behalf of the New Jersey Center. The amendment affirms the 50% "sharing provision" but provides that the New Jersey Center may retain $850,000 "to cover previous, current, and future collection expenses." Plaintiff alleges that it did not learn of the April 2007 agreement until September 2013.

This action was commenced on December 29, 2014. Engelberg alleges that defendant Eliezer Perr, his son, defendant Jedidiah Perr, and defendant Milton Pollack, the former president of ACCJ, breached their fiduciary duties to the company. Among the breaches alleged are that defendants abused ACCJ's tax exempt status by appropriating the company's charitable funds for themselves (amended derivative complaint at 2). Engelberg alleges that defendants caused ACCJ's assets, income, and profit to enure to their benefit by diverting "corporate opportunities," i.e. terrorism litigation, to the New Jersey Center. Additionally, Engelberg alleges that defendants donated over $800,000 of ACCJ's funds to Jewish religious and educational organizations beyond the scope of ACCJ's mission.

In the first cause of action in the amended complaint, plaintiff asserts claims for breach of fiduciary duty against defendants Eliezar and Jedidiah Perr for allegedly using ACCJ's charitable assets for their personal benefit. In the second cause of action, plaintiff asserts a claim for breach of fiduciary duty against defendant Jedidiah Perr for allegedly diverting business opportunities of ACCJ to American Recovery Center, LLC, a company which he controls. In the third cause of action, plaintiff asserts a claim against defendants Eliezar and Jedidiah Perr for unlawful conveyance of ACCJ's assets, i.e. settlement proceeds, to the New Jersey Center in violation of Not-for Profit Corporation § 720(a)(2). In the fourth cause of action, plaintiff seeks the removal of Eliezar and Jedidiah Perr as directors of ACCJ for cause pursuant to Not-for Profit Corporation § 706(d) for falsifying documents and providing false information to the IRS. In the fifth cause of action, plaintiff seeks the removal of Eliezar and Jedidiah Perr as directors of ACCJ for cause for misappropriating assets. In the sixth cause of action, plaintiff seeks the removal of Jedidiah Perr as an officer of ACCJ for cause based upon his diverting business opportunities of ACCJ to ARC. The seventh cause of action is asserted against all defendants for breach of fiduciary duty. The eighth cause of action is asserted against all defendants for unlawful conveyance of charitable assets. The ninth cause of action is asserted against all defendants for removal for cause as an officer or director of ACCJ. The tenth cause of action is against all defendants for an accounting as to the assets and property of ACCJ.

**ENGELBERG v PERR**                                   Index No.: 606919/14

On July 27, 2016, in the related Campuzano matter, the court issued an order restraining defendants from disbursing any ACCJ funds, whether in the ordinary course of business or otherwise, pending further order of the court. While the restraining order is still in effect, ACCJ has periodically been permitted to make necessary disbursements with the consent of the Attorney General.

By notice of motion dated August 2, 2017, defendants American Center for Civil Justice, Religious Liberty and Tolerance, Inc and Jedidiah Perr move to dismiss the amended complaint for lack of personal jurisdiction, statute of limitations, a defense founded upon documentary evidence, and failure to state a cause of action, or in the alternative to compel arbitration. Defendants argue that the New Jersey Center is not subject to personal jurisdiction in New York because its principal place of business is in New Jersey and it is not the alter ego of ACCJ. In opposition, plaintiff argues that ACCJ and the New Jersey Center are alter egos of each other.

While this court may not dissolve a business entity formed under another state's laws, it has subject matter jurisdiction to resolve a derivative claim brought on behalf of a New York corporation, even though the internal affairs of a foreign company may be implicated (**Raharney v Capital Stack**, 138 AD3d 83, 86-87 [1st Dept. 2016]).

A court may assert jurisdiction over a foreign corporation, to hear any and all claims against it, only when the corporation's affiliations with the state in which suit is brought are so constant and pervasive as to render it essentially at home in the forum state (**Daimler v Bauman**, 134 S. Ct. 746 [2014]). Generally, a state may constitutionally exercise jurisdiction over non-domiciliary defendants, provided they had certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice (**Darrow v Hetronic Deutschland**, 119 AD3d 1142 [3d Dept. 2014]). CPLR § 302 provides that a court may exercise personal jurisdiction over a non-domiciliary as to a cause of action arising from various acts, including the commission of a tortious act without the state causing injury to property within the state.

In the present case, plaintiff is not asserting "any and all claims" against defendant New Jersey Center but rather claims for diversion of the charitable assets of a New York not for profit corporation. Thus, the claim on which plaintiff sues arises from activity conducted by defendant in the forum state.

In determining whether there is "injury" in New York sufficient to warrant personal jurisdiction, the court must generally apply a "situs-of-injury" test, locating the event which caused the injury (**Whitaker v American Telecasting**, 261 F.3d 196 [2d Cir 2001]). The occurrence of financial consequences in New York due to the fortuitous location of plaintiff

4

FILED: NASSAU COUNTY CLERK 11/30/2017 03:48 PM
NYSCEF DOC. NO. 121
INDEX NO. 606919/2014
RECEIVED NYSCEF: 11/30/2017

Case 18-15691-CMG    Doc 43-11    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit I - 11-30-17 order in Engelberg Derivative Litigation    Page 6 of 8

**ENGELBERG v PERR**                                   Index No.: 606919/14

in New York is not a sufficient basis for jurisdiction where the underlying events took place outside New York (Id).

Breach of fiduciary duty and diversion of assets are tortious acts. Because ACCJ is a New York not-for-profit corporation, its location in New York is not fortuitous. The diversion of ACCJ's business opportunities and the misappropriation of its assets is economic injury in New York which is more significant than a mere loss of sales or customers. Thus, the court may exercise personal jurisdiction over the New Jersey Center as to a claim of diversion of assets, regardless of whether the April 2007 agreement between ACCJ and the New Jersey Center was negotiated in New York State. In view of defendant Jedidiah Perr's actions in New York, there are sufficient minimum contacts with this state. Defendant New Jersey Center's motion to dismiss the complaint for lack of personal jurisdiction is **denied**.

Defendant New Jersey Center argues that plaintiff's claims are governed by the three year statute of limitations applicable to conversion claims under CPLR § 214(3). Defendant argues that plaintiff's claim accrued in 2009 and 2010 and the claims were not asserted until the amended complaint was filed on March 31, 2017.

In opposition, plaintiff argues that the statute of limitations for breach of fiduciary duty is six years. Plaintiff argues that the claims against the New Jersey Center relate back to the filing of the original complaint.

New York Law does not provide a single statute of limitations for breach of fiduciary duty claims (**IDT Corp v Morgan Stanley**, 12 NY3d 132, 139 [2009]). Rather, the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks (Id). Where the remedy sought is purely monetary in nature, the three year statute of limitations of CPLR § 214(4) applies (Id). Where the relief sought is equitable in nature, the six year limitations period of CPLR § 213(3) applies (Id).

CPLR § 203[c] provides that a claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with the defendant when the action is commenced. Thus, a claim against a co-defendant united in interest relates back to the filing of the complaint (**Jones v Bill**, 10 NY3d 550 [2008]).

In the present case, plaintiff seeks an accounting, which is an equitable remedy. Thus, the six year statute of limitations applies. Because the New Jersey Center is united in interest with defendant Jedidiah Perr, who controls the company, plaintiff's accounting claim against the New Jersey Center relates back to the filing of the complaint. Since plaintiff's claim for an accounting accrued in 2009, it is timely. Defendant New Jersey Center's motion to dismiss for statute of limitations is **denied**.

FILED: NASSAU COUNTY CLERK 11/30/2017 03:48 PM
NYSCEF DOC. NO. 121
INDEX NO. 606919/2014
RECEIVED NYSCEF: 11/30/2017

Case 18-15691-CMG    Doc 43-11    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit I - 11-30-17 order in Engelberg Derivative Litigation    Page 7 of 8

**ENGELBERG v PERR**                             Index No.: 606919/14

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction....[The court must] accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory"(**Arnav Industries, Inc. v. Brown**, 96 NY2d 300, 303 [2001]).

Plaintiff has alleged serious breaches of fiduciary duty on the part of defendants Eliezar and Jedidiah Perr. As the New Jersey Center was the instrument by which defendants misappropriated the assets and business opportunities of ACCJ, it aided and abetted the breaches of fiduciary duty by the individual defendants (**Winkler v Battery Trading, Inc**, 89 AD3d 1016 [2d Dept. 2011]). Defendants' motion to dismiss for a defense founded upon documentary evidence and failure to state a cause of action is **denied**.

Defendant argues that the provision in the April 2007 agreement for arbitration before the rabbinical court constitutes an agreement to arbitrate. In opposition, plaintiff argues that the April 2007 agreement was a "post facto creation," intended to cover up prior wrongful transfers of funds to the New Jersey Center.

A party to an agreement may not be compelled to arbitrate its dispute with another unless the evidence establishes the parties' clear, explicit, and unequivocal agreement to arbitrate (**Fiveco, Inc v Haber**, 11 NY3d 140, 144 [2008]). The arbitration of derivative claims is not against public policy, at least where the dispute arises between stockholders in a closely held corporation (**Lane v Abel-Bey**, 70 AD2d 838 [1st Dept. 1979]). Nevertheless, an arbitration provision will not be enforced where the agreement is part of a "grand scheme" and fraud permeates the entire contract (**Weinrott v Carp**, 32 NY2d 190 [1973]).

In the present case, the April 2007 agreement is itself a violation of defendant Jedidiah Perr's fiduciary duty to ACCJ. Thus, the entire agreement is infected by fraud, and the arbitration provision contained in the agreement is not enforceable. Defendant's motion to compel arbitration is **denied**.

By notice of cross-motion dated August 30, 2017, by plaintiff Michael Engelberg cross-moves to compel the New Jersey Center to file an accounting and to enjoin it from disbursing any funds pending further order of the court. As noted, a similar order was issued against ACCJ on July 27, 2016. Plaintiff Engelberg asserts that defendant Jedidiah Perr was a de facto officer of ACCJ, that the New Jersey Center is an alter ego of ACCJ, and defendant Jedidiah Perr diverted $4.18 million of ACCJ's funds to the New Jersey Center, including $2.6 million between 2009 and 2010. With regard to the alter ego claim, plaintiff offers an email dated July 15, 2011 from Jedidiah Perr to DLA Piper in which Perr falsely stated that the New Center's tax ID number was the tax ID number for ACCJ. The court notes that the Attorney General has not objected to Engelberg's cross-motion to compel the

FILED: NASSAU COUNTY CLERK 11/30/2017 03:48 PM
NYSCEF DOC. NO. 123
Case 18-15691-CMG    Doc 43-11    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit I - 11-30-17 order in Engelberg Derivative Litigation    Page 8 of 8
INDEX NO. 606919/2014
RECEIVED NYSCEF: 11/30/2017

**ENGELBERG v PERR**  Index No.: 606919/14

New Jersey Center to provide an accounting and to enjoin the New Jersey Center from disbursing any funds pending further order of the court.

Not For Profit Corporation Law § 623 provides for a derivative action on behalf of a non-profit corporation. The statute is a codification of the equitable remedy of a shareholder derivative action (See, **Barr v Wackman**, 36 NY2d 371 [1975]). Thus, the court has plenary equitable distribution to restrain the charitable corporation, as well as its officers and directors, from conducting any unauthorized activities, and from paying out or transferring the property of the corporation, except by permission of the court (Cf Not-For-Profit Corporation Law § 1113 [injunction available in dissolution proceeding]).

In view of the serious breaches of fiduciary duty alleged and the credible claim that the New Jersey Center was the vehicle for diverting funds of ACCJ, plaintiff's cross-motion is **granted**. Plaintiff Engelberg's cross-motion to compel defendant New Jersey Center to file an accounting is granted and defendant New Jersey Center is directed to submit an accounting as to its affairs from December 29, 2008 to the present within 15 days of the e-filing of this order. Additionally, defendant New Jersey Center is enjoined from disbursing any funds, whether in the ordinary course of business or otherwise, pending further order of the court.

Any argument not addressed herein is deemed to be without merit.

So ordered.

Date: NOV 2 7 2017

[signature]
J.S.C.

ENTERED
NOV 30 2017
NASSAU COUNTY
COUNTY CLERK'S OFFICE