# EXHIBIT K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

MICHAEL ENGELBERG, derivatively on behalf of the
American Center for Civil Justice, Inc.,

                              Plaintiff,

                         -against-

ELIEZER PERR, JEDIDIAH PERR, MILTON
POLLACK, and THE AMERICAN CENTER FOR
CIVIL JUSTICE, RELIGIOUS LIBERTY AND
TOLERANCE, INC.,

                              Defendants,

THE AMERICAN CENTER FOR CIVIL JUSTICE,
INC.,

                              Nominal Defendant.

THE NEW YORK CENTER FOR CIVIL JUSTICE,
TOLERANCE & VALUES, INC.,

                              Additional Defendant on
                              the Counterclaims.

Index No. 606919/2014

IAS Part 1
(Justice Bucaria)

**STIPULATION OF
SETTLEMENT____**

 

 

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned

parties and their respective counsel, subject to approval by the Court pursuant to N-PCL 623(d),

and in consideration of the benefits flowing from, and as described in, this Stipulation of

Settlement ("Stipulation"), that this action, and the related action in this Court captioned *Orlow*

*v. Engelberg*, Index. No. 601689/2016 (the "Orlow Action"), shall be resolved as follows:

    1.    Upon the approval of this Stipulation by the Court, this Action and the Orlow

Action will be discontinued with prejudice and without costs (except as provided herein), subject

to the Court's continuing jurisdiction with respect to certain matters as provided herein.

1

2.     Prior to its submission to the Court for approval, this Stipulation will be presented to the Charities Bureau, Office of the Attorney General of the State of New York ("OAG") for review.  The parties agree to consider, in good faith, the amendment of this Stipulation based upon OAG review; provided, however, that each party retains the right to seek Court approval of this Stipulation regardless of OAG's position concerning the terms of this Stipulation.

3.     To increase administrative efficiencies, better coordinate assisting victims of terror, and strengthen their charitable and educational activities, the parties agree that it is in their best interests, and in the public interest, that defendant The American Center For Civil Justice, Religious Liberty And Tolerance, Inc. ("NJ Center") be merged with and into nominal defendant The American Center For Civil Justice, Inc. ("ACCJ") (the "Merger").  Accordingly, ACCJ and NJ Center agree to effectuate the Merger, in accordance with Article 9 of the New York Not-for-Profit Corporation Law (the "NPCL") and, as to NJ Center, in accordance with any required provisions of New Jersey law.  ACCJ and NJ Center agree to take all necessary steps to ensure compliance with such legal requirements, including preparing necessary filings with the New York State Attorney General and/or the Supreme Court of New York State, and obtaining all required approvals, and to use reasonable best efforts to obtain all necessary third-party approvals or consents that may be required.  The procedures and proceedings necessary to effectuate the Merger shall be initiated within thirty (30) days of the approval of the Stipulation by the Court.  ACCJ will be the surviving entity and will continue to operate as a New York State-regulated charitable entity upon completion of the Merger.

4.     Upon execution of this Stipulation, and prior to completion of the Merger, (a) all revenues payable to either ACCJ or NJ Center from recoveries in terrorism litigation (including but not limited to any amounts currently held in escrow for ACCJ by the Peterson Settlement

2

Trustee, if and when such funds are released) will be placed in a designated ACCJ account; and

(b) NJ Center will not enter into any new material contractual obligations without the written

consent of all parties or the approval of the Court upon notice to all parties.

5.     Upon completion of the Merger, (a) all rights, duties and obligations of NJ Center

shall by operation of law become rights, duties and obligations of ACCJ, and (b) any charitable

and educational activities of NJ Center will be continued by ACCJ, subject to continuing

oversight and approval by ACCJ's new Board of Directors.

6.     In connection with the process of securing OAG approval of this Stipulation,

ACCJ will present corporate governance changes to the OAG, which will include, at a minimum,

the following:

a.  The Board of Directors of ACCJ will be reconstituted in order that it shall have a
    majority of independent directors who are new members (*i.e.*, never having served
    on the Boards of either ACCJ or NJ Center) (the "New Board"). For purposes
    hereof, an "independent director" is any individual who (i) meets the definition of
    "independent director" in Section 102 of the NPCL, and (ii) has no material
    business, personal or financial relationship with any of the existing members of
    the parties or the Board of Directors of ACCJ, NYCCJ or NJCCJ. The
    Chairperson of the New Board will be an independent director.

b.  Upon the election of the New Board, there shall immediately be established an
    Audit and Compliance Committee of the Board, composed of three (3)
    Independent Directors, at least one of whom shall have a professional background
    in accounting or finance. This Committee shall have the mandate and authority to
    select, hire and fire ACCJ's independent auditor, to create and monitor
    implementation of internal controls, to take measures to ensure that ACCJ and its
    agents and employees comply with applicable laws, and generally to carry out the
    functions set forth in Section 712-a of the NPCL and referred to in the guidance
    document "Internal Controls and Financial Accountability for Not-For-Profit
    Boards" issued by the Charities Bureau of the New York State Attorney General.
    For purposes of the foregoing requirements, and for a period of five years from
    the date hereof, ACCJ shall be deemed to be a corporation required to file an
    independent certified public accountant's audit report with the attorney general
    pursuant to subdivision one of section 172-b of the Executive Law and that, in the
    prior fiscal year had, or in the then-current fiscal year reasonably expects to have,
    annual revenue in excess of seven hundred fifty thousand dollars.

     c.   Upon the election of the New Board, ACCJ will establish a reserve fund for future claim contingencies, the amount of which will be established by the new Board of Directors, with OAG guidance.

7.     Plaintiff Michael Engelberg ("Engelberg") consents to defendant Jedidiah Perr serving as an employee of the post-merger ACCJ entity.

8.     Upon approval of the Stipulation by the Court, (a) Engelberg will resign as Attorney-in-Fact for any ACCJ claimants, and will not act under any Power of Attorney ("POA") given to him by such claimants, and will advise such claimants of the foregoing in an agreed-upon joint letter, which will also state that any disputes have been fully resolved, and (b) defendants Eliezer Perr and Milton Pollack will retire from ACCJ and will have no position in the surviving ACCJ or any related entity.

9.     On or before thirty (30) days following the Court's approval of the Stipulation, ACCJ and NJ Center shall submit to the Court, and file on NYSCEF, accountings reflecting all current financial transactions and a report on their progress in effectuating the Merger and the corporate governance reforms required under this Stipulation.  An updated accounting and report shall be submitted thereafter on a schedule as the Court may direct until such time as the Merger and corporate governance reforms required hereunder have been completed or as the Court may otherwise direct.

10.     Each of ACCJ, NJ Center and The New York Center for Civil Justice Inc. ("NY Center") separately represents that all of its assets, and the assets of any related entity, have been accounted for in the respective accountings it has filed or will file with the Court.  For the purpose of this paragraph, "related entity" means an entity owned or controlled by the same, or overlapping, officers, directors or key employees of the entity parties, or any of their immediate family members.  NJ Center agrees that it shall complete and file the accounting required by the

4

Order dated November 27, 2017 (NYSCEF No. 425) on or before December 15, 2017, as  set

forth in that Order, or at a later date as may be approved by the Court.

11.    ACCJ and NJ Center each represents that it has disclosed to Engelberg all of its

existing material contracts.

12.    NY Center represents that it has disclosed to ACCJ all of its existing material

contracts.

13.    Effective upon approval of the Stipulation by the Court, to the extent permitted by

law, all current and former employees, officers and directors of the ACCJ and NJ Center,

including Engelberg in his capacity as a former employee, officer and director of ACCJ, and

Engelberg and any others who hold or who have held a POA, shall be indemnified, defended and

held harmless by ACCJ from and against any current or future claims by ACCJ claimants and NJ

Center claimants or their families, and claims of Joshua Ambush in *Ambush v. Engelberg,* U.S.

District Court, District of Columbia, no. 15-cv-1237 (EGS), provided that such employee, officer

or director, or holder of a POA, provides an affidavit or affirmation that he has acted in good

faith within the scope of his authority.  In any such action, Engelberg will have the right to select

his counsel; ACCJ will have the right to settle and will not be required to indemnify for

settlements that it has not approved.  Encouraging a law suit against another party to this

settlement shall not be considered as "acting in good faith."  Notwithstanding the above, ACCJ

will not claim that Engelberg acted in bad faith or for any other reason is not entitled to

indemnification in *Campuzano v. Sher*, Nassau County Index No. 605379/2016, *Salzman v. Sher*,

U.S. District Court, Southern District of New York, no. 16-cv-0379 (KBF), and *Ambush v.*

*Engelberg, supra*; and Engelberg will not claim that Eliezer Perr, Milton Pollack, Neal Sher or

Jed Perr has acted in bad faith or for any other reason is not entitled to indemnification in any of

those actions.  In the event of a settlement of the *Campuzano* case, ACCJ will fully fund such settlement and obtain releases for all defendants, with no money contributed by Engelberg.

14.    With respect to legal fees and expenses incurred by plaintiff Engelberg:

a)  ACCJ will reimburse Engelberg's reasonable legal fees and expenses in *Campuzano v. Sher*, *Salzman v. Sher*, and *Ambush v. Engelberg*. The amount will be subject to approval of this Court.

b)  In connection with an application for approval of this Stipulation by the Court, Engelberg will apply for an award of attorney's fees and expenses pursuant to N-PCL § 623(e), with respect to fees charged and expenses incurred by the following law firms or lawyers in connection with this action, the Orlow Action, and the representation of Engelberg prior to the institution of this action regarding the claims he has asserted herein:  Cooley LLP; Mendel Zilberberg & Associates; Wolf Law Group; Pearlman & Pearlman; Skadden Arps; Shveta Kakar (Kakar Law); Davis Wright Tremaine; Schwartz & Associates; and Livingston Howe LLP.

c)  ACCJ will not object to the foregoing fee applications other than with respect to the reasonableness of specific items of time charges and expenses.  ACCJ will not claim that Engelberg did not create a substantial benefit for ACCJ.  ACCJ will not claim that Engelberg is not entitled to recovery of fees due to compensation from other sources; provided, however, that Engelberg will not obtain a double recovery, *e.g.*, if he receives fee reimbursement via insurance. Engelberg will not seek to recover any interest or similar late fees.

d) Any attorneys' fees and expenses awarded or approved by the Court for Engelberg shall be payable by ACCJ to the Livingston Howe LLP IOLTA Account within ten (10) business days following entry of an order approving the same.

6

15.    In connection with an application for approval of this Stipulation by the Court,

counsel for ACCJ and defendants Eliezer Perr, Milton Pollack and Jedidiah Perr may apply to

the Court for payment by ACCJ of its and their attorney's fees and expenses in the above-

referenced cases, and counsel for NJ Center may apply to the Court for payment by NJ Center of

its attorney's fees and expenses in the above-referenced cases. Engelberg's right to object to such

application(s) will be subject to the same standards and limitations as set forth above in the

preceding paragraph.

16.    The parties agree to accept the legal fees and costs as awarded by the Court.  The

parties will not appeal from such determination(s).

17.    Effective upon approval of this Stipulation by the Court, Eliezer Perr, Milton

Pollack, Jedidiah Perr, Joseph Orlow, Simonne Beckeld, and Victoria Nolon, and their heirs,

executors, administrators, personal representatives, successors and assigns hereby release and

forever discharge Michael Engelberg and Mindy Engelberg, and their heirs, executors,

administrators, personal representatives, successors and assigns, and the NY Center, and its

directors, officers, shareholders/members, employees, representatives, agents, and their

respective heirs, executors, administrators, personal representatives, successors and assigns, from

all claims, actions, suits, damages, attorneys' fees, costs, interest, judgments, and demands

whatsoever, which said Releasors ever had, now have or hereafter may have for, upon or by

reason of any matter, cause or thing whatsoever from the beginning of time to the date of such

Court approval of this Stipulation, except for a breach of this Stipulation; and they each covenant

never to institute, or to cause ACCJ or NJ Center to institute, or to participate (other than subject

to legal compulsion) in, any administrative proceeding, suit or action, at law or in equity, against

said Releasees by reason of any claim or allegation that was or could have been raised in this action.

18.     Effective upon approval of this Stipulation by the Court, Michael Engelberg and Mindy Engelberg and their heirs, executors, administrators, personal representatives, successors and assigns, hereby release and forever discharge Eliezer Perr, Milton Pollack, Jedidiah Perr, Joseph Orlow, Simonne Beckeld, and Victoria Nolon, and their heirs, executors, administrators, personal representatives, successors and assigns, and ACCJ and NJ Center, and their respective directors, officers, shareholders/members, employees, representatives, agents, and their respective heirs, executors, administrators, personal representatives, successors and assigns, from all claims, actions, suits, damages, attorneys' fees, costs, interest, judgments, and demands whatsoever, which said Releasors ever had, now have or hereafter may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of time to the date of such Court approval of this Stipulation, except for a breach of this Stipulation; and they each covenant never to institute, or to cause the NY Center to institute, or to participate (other than subject to legal compulsion) in, any administrative proceeding, suit or action, at law or in equity, against said Releasees by reason of any claim or allegation that was or could have been raised in this action.

19.     Effective upon approval of this Stipulation by the Court, ACCJ, NJ Center and NY Center and their respective directors, officers, shareholders/members, employees, representatives, agents, and their respective heirs, executors, administrators, personal representatives, successors and assigns, hereby release and forever discharge Michael Engelberg, Mindy Engelberg, Eliezer Perr, Milton Pollack, Jedidiah Perr, Joseph Orlow, Simonne Beckeld, and Victoria Nolon, and their heirs, executors, administrators, personal representatives,

successors and assigns, and the directors, officers, shareholders/members, employees, representatives, agents of the ACCJ, NJ Center and NY Center, and their respective heirs, executors, administrators, personal representatives, successors and assigns, from all claims, actions, suits, damages, attorneys' fees, costs, interest, judgments, and demands whatsoever, which said Releasors ever had, now have or hereafter may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of time to the date of such Court approval of this Stipulation, except for a breach of this Stipulation; and they each covenant never to institute, or to cause ACCJ or NJ Center to institute, or to participate (other than subject to legal compulsion) in, any administrative proceeding, suit or action, at law or in equity, against said Releasees by reason of any claim or allegation that was or could have been raised in this action.

20.    Upon the execution of this Stipulation, the Parties shall promptly advise the Court and OAG that the Stipulation has been made and shall be presented to the Court for approval, at the Court's convenience, following OAG review.  Subject to the provisions of Paragraph 2 above, the Parties and their respective counsel agree to cooperate with one another in good faith in seeking the Court's approval of the Stipulation and to use their best efforts to resolve any objections raised by the Court or OAG with respect to the Stipulation.  Prior to the Court's approval of the Stipulation, the Parties shall take no further steps to prosecute or defend this Action or the Orlow Action, and all existing orders and directions of the Court shall remain in effect.  The parties shall cooperate, to a reasonable extent, in the defense of any other actions in which they are named as defendants, will not continue with or seek affirmative discovery, and shall withdraw any motions to amend pleadings to assert cross-claims against each other.  The Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation to the extent that such deadlines have not been so-ordered by the Court.

21.    Although the Parties continue to believe that their respective claims have legal

merit, and continue to deny that they have acted wrongfully, in violation of law, or in breach of

duty, they recognize that there are legal and factual defenses to their respective claims which

present substantial risks to the successful resolution of any litigation.  The Parties wish to

eliminate the burden, inconvenience, expense, uncertainty and distraction of further litigation and

finally put to rest all claims that were or could have been asserted herein.  The Parties further

agree that a settlement of this action presents an opportunity to confer substantial benefits upon

the entity parties and further their charitable missions, including the continuation and

development of their charitable and educational activities.

22.    The Parties believe that the Stipulation is fair, reasonable, adequate, and is in the

best interests of the entity parties and the public interest, and that it is reasonable and appropriate

to seek approval of the Stipulation by the Court based upon the terms set forth herein and the

benefits and protections to be provided thereby.

23.    The entry into this Stipulation is not an admission by any Party of wrongdoing,

fault or liability.  Except as may have heretofore been adjudicated by the Court or admitted in

formal pleadings, no allegation of any party against another has been proven or admitted.

24.    The existence of the Stipulation, its contents or any negotiations, statements or

proceedings in connection therewith, shall not be offered or admitted in evidence or referred to,

interpreted, construed, invoked or otherwise used by any person for any purpose, except as may

be necessary to effectuate the Stipulation.  This provision shall remain in force in the event that

the Stipulation is terminated for any reason whatsoever.  Notwithstanding the foregoing, any of

the Parties may file the Stipulation or any judgment or order of the Court related hereto in any

other action that may be brought against them, in order to support any and all defenses or

counterclaims based on res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25.    Any failure by any party to insist upon the strict performance by any other party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation by such other party.  No waiver, express or implied, by any party of any breach or default in the performance by the other party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

26.    Each of the persons entering into this Stipulation, or executing this Stipulation on behalf of an entity, represents and warrants that he or she has the legal capacity to do so and/or has been duly authorized to do so as his, her or its lawful and binding act.

27.    This Stipulation is, and shall be, binding upon, and inure to the benefit of, the Parties and their respective agents, executors, administrators, heirs, successors and assigns; provided, however, that no Party shall assign or delegate its rights or responsibilities under this Stipulation without the prior written consent of the other Parties.

28.    This Stipulation, and any dispute arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York, without regard to conflict-of-laws principles.

29.    In the event of any suit, action or proceeding arising out of or relating to this Stipulation, each of the Parties:

a)  irrevocably submits to the personal jurisdiction of the Supreme Court of the State of New York, Nassau County, in any such suit, action or proceeding;

b)  agrees that all claims in respect of such suit, action or proceeding shall be brought, heard and determined exclusively in such Court (provided that, in the event that subject-matter jurisdiction is unavailable in such Court, then all such claims shall be brought, heard and determined exclusively in any state or federal court in Nassau County);

c)  agrees that it shall not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from such court;

d)  agrees not to bring any action or proceeding arising out of or relating to this Stipulation in any other court;

e)  EXPRESSLY WAIVES THE RIGHT TO A JURY TRIAL AND AGREES NOT TO PLEAD OR TO MAKE ANY CLAIM THAT ANY SUCH ACTION OR PROCEEDING IS SUBJECT (IN WHOLE OR IN PART) TO A JURY TRIAL;

f)  waives any defense of inconvenient forum to the maintenance of any action or proceeding brought in accordance with this paragraph;

g)  waives any bond, surety or other security that might be required of any other Party with respect to any such action or proceeding, including an appeal thereof; and

h)  consents and agrees that process in any such suit, action or proceeding may be served on such Party by certified mail, return receipt requested, addressed to such Party or such Party's registered agent in the state of its incorporation or organization, or in any other manner provided by law.

30.    Each Party represents and warrants that the party has made such investigation of the facts pertaining to this Stipulation, and all of the matters pertaining thereto, as the party deems necessary and advisable.

31.    This Stipulation and any other agreements or undertakings specifically described herein constitute the entire agreement among the Parties with respect to the subject matter hereof and supersede all prior or contemporaneous oral or written agreements, understandings or representations.

32.    This Stipulation will be deemed to have been mutually prepared by the Parties and will not be construed against any of them by reason of authorship.  Section titles have been inserted for convenience only and will not be used in construing the terms of this Stipulation.

33.    The terms and provisions of this Stipulation are intended solely for the benefit of the Parties, and their respective successors and permitted assigns, and it is not the intention of the Parties to confer third-party beneficiary rights or remedies upon any other person or entity, except with respect to any attorneys' fees and expenses to be paid to counsel pursuant to the terms of this Stipulation.

34.    This Stipulation may not be amended, changed, waived, discharged or terminated (except as explicitly provided herein), in whole or in part, except by an instrument in writing signed by the parties to this Stipulation.  Any such written instrument signed by the Parties to this Stipulation shall be effective upon approval of the Court.

35.    This Stipulation may be executed in any number of counterparts and by each of the different parties on several counterparts, each of which when so executed and delivered will be an original. Such counterparts may be actual signed copies, or images of signed copies that have been transmitted by e-mail or fax.  This Stipulation will become effective when counterparts have been signed by each of the parties to this Stipulation and delivered to the other parties. The executed signature page(s) from each counterpart may be joined together and attached and will constitute one and the same instrument.

[Remainder of page intentionally left blank]

13

**IN WITNESS WHEREOF,** the Parties and their respective attorneys have executed this

Stipulation as of _____December 7_____, 2017.

LIVINGSTON HOWE LLP

By: _____

_____
Michael Engelberg

David D. Howe
747 Third Avenue, 20th Floor
New York, New York 10017
Tel.: (212) 986-7887

_____
Mindy Engelberg

*Attorneys for Michael Engelberg
and Mindy Engelberg*

KOFFSKY SCHWALB LLC

By: _____
Efrem Schwalb
349 Fifth Avenue, Suite 773
New York, New York 10016
Tel.: (646) 553-1590

_____
Eliezer Perr

- and –

_____
Milton Pollack

_____
Neal M. Sher
551 Fifth Avenue, 31st Floor
New York, New York 10176
Tel.: (347) 306-2860

*Attorneys for Eliezer Perr and Milton Pollack*

14

**IN WITNESS WHEREOF**, the Parties and their respective attorneys have executed this

Stipulation as of _____, 2017.

LIVINGSTON HOWE LLP

_____        By: _____
Michael Engelberg                   David D. Howe
                                747 Third Avenue, 20th Floor
                                New York, New York 10017
_____        Tel.: (212) 986-7887
Mindy Engelberg

                                *Attorneys for Michael Engelberg*
                                *and Mindy Engelberg*

KOFFSKY SCHWALB LLC

_____        By: _____
Eliezer Perr                        Efrem Schwalb
                                349 Fifth Avenue, Suite 773
_____        New York, New York 10016
Milton Pollack                  Tel.: (646) 553-1590

                                – and –


                                _____
                                Neal M. Sher
                                551 Fifth Avenue, 31st Floor
                                New York, New York 10176
                                Tel.: (347) 306-2860

                                *Attorneys for Eliezer Perr and Milton Pollack*

14

IN WITNESS WHEREOF, the Parties and their respective attorneys have executed this

Stipulation as of _____, 2017.

LIVINGSTON HOWE LLP

By: _____

_____    David D. Howe
Michael Engelberg    747 Third Avenue, 20th Floor
New York, New York 10017
Tel.: (212) 986-7887

_____
Mindy Engelberg    *Attorneys for Michael Engelberg*
*and Mindy Engelberg*

KOFFSKY SCHWALB LLC

By: _____

_____    Efrem Schwalb
Eliezer Perr    349 Fifth Avenue, Suite 773
New York, New York 10016
Tel.: (646) 553-1590

_____    - and --
Milton Pollack

*Neal M. Sher*
Neal M. Sher
551 Fifth Avenue, 31st Floor
New York, New York 10176
Tel.: (347) 306-2860

*Attorneys for Eliezer Perr and Milton Pollack*

14

LYNNE, GARTNER, DUNNE &
COVELLO, LLP

_Jed Perr_____
Jedidiah Perr

By: _____
      Joseph Covello
330 Old Country Road, Suite 103
Mineola, New York 11501
(516) 742-6200

The American Center for Civil Justice,
Religious Liberty and Tolerance, Inc.

*Attorneys for Jedidiah Perr and The
American Center for Civil Justice, Religious
Liberty and Tolerance, Inc.*

By: _____ _Jed Perr_____
Name:   Jed Perr
Title:   Director

THE WEINREB LAW FIRM, PLLC

The American Center for Civil Justice, Inc.

By: _____
      Elan E. Weinreb, Esq.
1225 Franklin Avenue, Suite 325
Garden City, New York 11530-1693
Tel.: (516) 620-9716

By: _____
Name:   Eliezer Perr
Title:   Pres.

*Attorneys for The American Center for Civil
Justice, Inc.*

KLG LUZ & GREENBERG LLP

The New York Center For Civil Justice,
Tolerance & Values, Inc.

By: _____
      Thomas J. Luz
370 Lexington Avenue, 24th Floor
New York, New York 10017
Tel.: (212) 681-8313

By: _____
Name:
Title:

*Attorneys for The New York Center For Civil
Justice, Tolerance & Values, Inc.*

15

LYNNE, GARTNER, DUNNE &
COVELLO, LLP

By: _____
     Joseph Covello
330 Old Country Road, Suite 103
Mineola, New York 11501
(516) 742-6200

_____
Jedidiah Perr

The American Center for Civil Justice,
Religious Liberty and Tolerance, Inc.

*Attorneys for Jedidiah Perr and The
American Center for Civil Justice, Religious
Liberty and Tolerance, Inc.*

By: _____
Name:
Title: .

THE WEINREB LAW FIRM, PLLC

By: _____
     Elan E. Weinreb, Esq.
1225 Franklin Avenue, Suite 325
Garden City, New York 11530-1693
Tel.: (516) 620-9716

The American Center for Civil Justice, Inc.

By: _____
Name:
Title:

*Attorneys for The American Center for Civil
Justice, Inc.*

KLG LUZ & GREENBERG LLP

By: _____
     Thomas J. Luz
370 Lexington Avenue, 24th Floor
New York, New York 10017
Tel.: (212) 681-8313

The New York Center For Civil Justice,
Tolerance & Values, Inc.

By: _____
Name:
Title:

*Attorneys for The New York Center For Civil
Justice, Tolerance & Values, Inc.*

LYNNE, GARTNER, DUNNE &
COVELLO, LLP


By: _____

Jedidiah Perr                                Joseph Covello
                                             330 Old Country Road, Suite 103
The American Center for Civil Justice,       Mineola, New York 11501
Religious Liberty and Tolerance, Inc.        (516) 742-6200


                                             *Attorneys for Jedidiah Perr and The*
By: _____                 *American Center for Civil Justice, Religious*
Name:                                        *Liberty and Tolerance, Inc.*
Title:


                                             THE WEINREB LAW FIRM, PLLC

The American Center for Civil Justice, Inc.
                                             By: _____
                                                 Elan E. Weinreb, Esq.
By: _____                 1225 Franklin Avenue, Suite 325
Name:                                        Garden City, New York 11530-1693
Title:                                       Tel.: (516) 620-9716


                                             *Attorneys for The American Center for Civil*
                                             *Justice, Inc.*


                                             KLG LUZ & GREENBERG LLP


The New York Center For Civil Justice,
Tolerance & Values, Inc.                     By: _____
                                                 Thomas J. Luz
                                             370 Lexington Avenue, 24th Floor
By: _____                 New York, New York 10017
Name:                                        Tel.: (212) 681-8313
Title:

                                             *Attorneys for The New York Center For Civil*
                                             *Justice, Tolerance & Values, Inc.*


15

LYNNE, GARTNER, DUNNE &
COVELLO, LLP

_____

Jedidiah Perr

The American Center for Civil Justice,
Religious Liberty and Tolerance, Inc.


By: _____
Name:
Title:


The American Center for Civil Justice, Inc.


By: _____
Name:
Title:


The New York Center For Civil Justice,
Tolerance & Values, Inc.

By: _____
Name: Michael Engelberg
Title: President


By: _____
   Joseph Covello
330 Old Country Road, Suite 103
Mineola, New York 11501
(516) 742-6200

*Attorneys for Jedidiah Perr and The
American Center for Civil Justice, Religious
Liberty and Tolerance, Inc.*


THE WEINREB LAW FIRM, PLLC


By: _____
   Elan E. Weinreb, Esq.
1225 Franklin Avenue, Suite 325
Garden City, New York 11530-1693
Tel.: (516) 620-9716

*Attorneys for The American Center for Civil
Justice, Inc.*


KLG LUZ & GREENBERG LLP


By: _____
   Thomas J. Luz
370 Lexington Avenue, 24th Floor
New York, New York 10017
Tel.: (212) 681-8313

*Attorneys for The New York Center For Civil
Justice, Tolerance & Values, Inc.*


15

THE NATHANSON LAW FIRM LLP

By:

Mitchell A. Nathanson
81 Hempstead Avenue
Lynbrook, New York 11563
Tel.: (516) 568-0000

*Attorneys for Joseph Orlow, Simonne Beckeld and Victoria Nolon*

Joseph Orlow

Simonne Beckeld

Victoria Nolon

_____
Joseph Orlow


_____
Simonne Beckeld


_____
Victoria Nolon

THE NATHANSON LAW FIRM LLP

By: _____
         Mitchell A. Nathanson
81 Hempstead Avenue
Lynbrook, New York 11563
Tel.: (516) 568-0000

*Attorneys for Joseph Orlow, Simonne Beckeld
and Victoria Nolon*