# EXHIBIT O

# The American Center for Civil Justice, Inc.
280 Madison Ave.
Suite 912
New York NY 10016
Tel 646-706-7015
Fax 646-706-7613
Email: info@acenter.us

July 14, 2011

To: Judgment Creditors

Re: Judgment enforcement and collection efforts

**The contents of this letter are confidential and privileged for recipient only.**

The following is an update on new collection efforts we have been pursuing. As you may be aware, the enforcement and collection of judgments obtained against Iran and other state sponsors of terrorism remain extremely difficult. The major obstacles judgment creditors face include identifying and attaching assets owned by Iran as well as getting foreign countries to recognize these US Court awarded judgments. Moreover, when assets are located, judgment creditors often pit themselves against other groups of judgment holders seeking to capitalize on the newly uncovered assets.

Upon your approval, the American Center for Civil Justice (hereinafter "Center") will engage the international law firm of DLA Piper LLP (US). DLA Piper has agreed to represent you, subject to limitations contained herein, in connection with pursuing and enforcing your judgment.

DLA Piper has litigated on behalf of victims of the Khobar Towers Bombing ("Heiser"), in the United States District Court for the District of Columbia in the consolidated cases titled *Heiser, et. al. v. Islamic Republic of Iran, et. al.* (Case No. 00-CV-2329) and *Campbell, et. al. v. Islamic Republic of Iran, et. al.* (Case No. 01-CV-2104) and has been pursuing Iranian assets to satisfy these judgments of $591,089,956.00 (the "Heiser Judgments").

Because of its representation of the Heiser plaintiffs, DLA Piper has stipulated that the agreement to represent you is subject to a legal and ethical constraint which obligates them to provide the Heiser Judgments creditors with full satisfaction before you receive the amount of your judgment. Therefore, any recoveries obtained by DLA Piper must first be applied towards

1

FILED: NASSAU COUNTY CLERK 08/30/2017 10:29 PM
NYSCEF DOC. NO. 1
INDEX NO. 606919/2014
RECEIVED NYSCEF: 08/30/2017

Case 18-15691-CMG    Doc 43-17    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit O - Letters from Jedidiah Perr on ACCJ letterhead signed on behalf of AC    Page 3 of 17

fully satisfying the Heiser Judgments (including interest).[1] Then you will be able to receive your proportionate share (based on the Center's 10 other Claims, exclusive of the Heiser Judgments) in any additional recoveries. The claims as of this date in which the Center is active consist of some judgments obtained pursuant to 28 U.S.C. § 1605(a)(7) and other judgments obtained pursuant to 28 U.S.C. § 1605A).[2]

DLA Piper has the knowledge, experience, and resources to locate, recover and effect collections which makes them our first choice in representing you to recover on your behalf. DLA efforts are being personally led by its Senior Partners. The Center will remain in close contact with DLA Piper and continue its efforts to aggressively seek assets to satisfy the judgment you have been awarded.

Independent of DLA Piper, the Center will continue to pursue collection through other agencies and contacts.

All fee arrangements for the collection efforts related to your judgment will be based on a contingency fee only and will not exceed 20% of gross recoveries. This encompasses all of DLA Piper's fees and any other fees incurred in connection with collection. DLA Piper's recovery fees are extremely fair and quite favorable to you. The collection fees are independent of any previous litigation fee agreement.

DLA Piper's collection efforts have included and will include efforts with Congress and/or the United States Treasury Department. If funds are recovered for you, and, but for Congressional statute, those funds would not have been recovered and then disbursed by the Treasury Department, DLA Piper's fee for those recovered funds will be reduced by 50%.

In addition to DLA Piper's and the Center's efforts, you have the right to obtain independent counsel to advise you about the fairness of this new agreement.

By signing this letter, you (1) authorize the Center to collect on your behalf and retain the law firm of DLA Piper and/or other agents/agencies, for the purpose of pursuing independent collections, and (2) agree and accept DLA Piper's terms and provision that you receive your proportionate share of any recoveries realized, **only** after payment in full of the Heiser Judgments, and (3) acknowledge that you were advised that you have the right to independent counsel.

---

[1] All judgments (Heiser and yours) continue to accrue interest at the federally set post-judgment rate in effect on the date of entry of your judgment.

[2] All collections will be allocated to two separate pools based on the specific statutory enforcement provision under which the recovery was obtained. The first group encompasses all judgments, whether obtained pursuant to 28 U.S.C. § 1605(a)(7) or 28 U.S.C. § 1605A. The second group encompasses collections achieved from executions based on the specific statutory provisions that are only available to those judgments obtained pursuant to 28 U.S.C. § 1605A. Separate pro rata allocations will be made within each group.

Should you have any questions or concerns regarding the matters addressed in this letter, please do not hesitate to contact me.

Best wishes,

Jed Perr
American Center for Civil Justice

I have read the above letter and understand its contents and implications, and agree and accept the terms and conditions set forth therein

Date: 7-22-2011

By: _____

Name: Gerard A. Welch

Title: Mr.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the ___ day of _____, 2011.
Sealed and delivered
in the presence of:

_____
Signature of principle

STATE OF OREGON
COUNTY OF MULTNOMAH

Gerard Welch   The foregoing instrument was acknowledged before me this 22 day of JULY 2011, 2008, by _____ who is personally known to me or who has produced _____ as identification and who did (did not) take an oath.

_____
Notary Public (Signature)

OFFICIAL SEAL
RICHARD A WEILL
NOTARY PUBLIC-OREGON
COMMISSION NO. 430994
MY COMMISSION EXPIRES SEPTEMBER 12, 2012

Notary Public (Typed, printed or stamped)

My commission expires

3

FILED: NASSAU COUNTY CLERK 08/30/2017 10:29 PM
NYSCEF DOC. NO. 881
Case 18-15691-CMG   Doc 43-17   Filed 05/08/18   Entered 05/08/18 21:30:37   Desc
Exhibit O - Letters from Jedidiah Perr on ACCJ letterhead signed on behalf of AC   Page 5 of 17
INDEX NO. 606919/2014
RECEIVED NYSCEF: 08/30/2017

FILED: NASSAU COUNTY CLERK 08/30/2017 10:29 PM
NYSCEF DOC. NO. 85
INDEX NO. 606919/2014
RECEIVED NYSCEF: 08/30/2017
Case 18-15691-CMG    Doc 43-17    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit O - Letters from Jedidiah Perr on ACCJ letterhead signed on behalf of AC    Page 6 of 17

**The American Center for Civil Justice, Inc.**
280 Madison Avenue, Suite 912
New York NY 10016
Tel 646-706-7015
Fax 646-706-7613

July 15, 2013

**PRIVLEGED & CONFIDENTIAL**

TO: Judgment Creditors

RE: Judgment enforcement and collection efforts.

I am writing to give you an update regarding our efforts to enforce collections on behalf of your judgment.

In early 2010 we asked Neal Sher to join in assisting [1]representing you, the claimants and judgment creditors, in enforcing collection of your judgment. Neal Sher is a nationally prominent attorney, a graduate of Cornell University and New York University School of Law, where he graduated cum laude, was an editor of the Law review and was elected to the prestigious Order of the Coif.

For many years, Neal was the Director of the Office of Special Investigations (OSI) in the U.S. Department of Justice, where he led our government's efforts to identify, investigate, and bring to justice Nazi criminals living illegally in the United States. He directed the historic investigation of former U.N. Secretary-General Kurt Waldheim and was responsible for Waldheim's inclusion on the "Watchlist" of persons ineligible to enter the United States, due to his hidden Nazi past. That ban remains in effect today. As the head of OSI Neal dealt with American and foreign officials at the highest levels, conducting sensitive law enforcement initiatives.

Neal later served as the Executive Director of The American Israel Public Affairs Committee (AIPAC), a very prominent lobby organization in Washington. In that position he maintained liaison with Congress, the Executive Branch, and all agencies responsible for determining U.S. policy toward Israel and the Middle East.

---

[1] The law firm of DLA Piper continues its international efforts to pursue collections on your behalf.

FILED: NASSAU COUNTY CLERK 08/30/2017 10:29 PM
NYSCEF DOC. NO. 181
INDEX NO. 606919/2014
RECEIVED NYSCEF: 08/30/2017
Case 18-15691-CMG    Doc 43-17    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit O - Letters from Jedidiah Perr on ACCJ letterhead signed on behalf of AC    Page 7 of 17

Neal has been working with the American Center for Civil Justice since 2009 and has been engaged in various legal proceedings, including: commercial litigation; litigation on behalf of victims of Iranian sponsored terrorism; slander litigation; federal civil rights litigation in the United States District court for the Northern District of California; claims before the Foreign Claims Settlement Commission on behalf of victims of terror. Most recently, in a case he filed in federal court in Washington, D.C. he has been representing over 150 victims (and their families) of the November, 2009 terror attack at Ft. Hood Texas.

Regarding 650 5th Ave New York, NY, a government forfeiture case which is pending in the United States District Court for the Southern District of New York: In March of 2010 Neal filed with the court Verified Claims of Judgment Creditors on your behalf and since then has been actively involved in the litigation. Neal has appeared at various hearings and conferences before Judge Forrest and has been actively engaged with attorneys for other judgment creditors who have also filed in this case. He has participated in numerous depositions which are being conducted in advance of the September, 2013 trial, Neal also expects to participate in the trial itself.

Should you have any questions or concerns regarding the matters addressed in this letter, please contact me.

Best wishes,

*Jed Perr*

Jed Perr
American Center for Civil Justice
Office: 646-706-7015 Ext. 2
Email: perr@acenter.us

**The American Center for Civil Justice, Inc.**
280 Madison Avenue, Suite 912
New York NY 10016
Tel 646-706-7015
Fax 646-706-7613
info@acenter.us

April 30, 2014

TO:    All Judgment Creditors

RE: Judgment enforcement and collection efforts.

    I write to share with you recent developments in our efforts to obtain collections of your judgments against Iran.

    As you know from past updates, your attorneys have filed claims on your behalf in the 650 Fifth Ave (NYC) matter. Last year the Judge ruled that that property and other properties outside Manhattan belong to the Iranian government and are subject to forfeiture to the federal government. In addition, other terror victims (not affiliated with the Center) holding judgments against Iran also filed claims in that case. At the urging of the Judge, lawyers for all judgment creditors involved in this case and the Justice Department worked together and have agreed that the distribution of the monies ultimately collected by the federal government, will be made on pro rata basis. Earlier this month, after the federal government signed off, the Judge approved the agreement.

    The underlying court finding that these properties are Iranian, will be appealed, which may be a lengthy process. If the decision is upheld by the Appeals Court, the government will auction off the properties and the proceeds will be distributed in accordance with the above-mentioned agreement.

    In addition late last year the American Center retained prominent Canadian counsel, Torys LLP, to file claims in the following cases to obtain Iranian properties located in Canada:

    *Heiser, et al. v. Islamic Republic of Iran, et al.; Blais, et al. v. Islamic Republic of Iran, et al; Brewer, et al. v. Islamic Republic of Iran, et al; Compuzano, et al. v. Islamic Republic of Iran, et al; Holland, et al. v. Islamic Republic of Iran, et al; Higgins, et al. v. Islamic Republic of Iran, et al; Valencia, et al. v. Islamic Republic of Iran, et al; Welch, et al. v. Islamic Republic of Iran, et al;* and *Ben Rafael, et al. v. Islamic Republic of Iran, et al.*

    Other judgment creditors (not affiliated with the Center) also have made claims on Iranian properties in Canada.

    On May 2, 2014 there will be a hearing before the court in Toronto on our application to enforce our judgments in Canada. If we are successful the court will ultimately award distribution to all judgment creditors who have filed in Canada.

FILED: NASSAU COUNTY CLERK 08/30/2017 10:29 PM
INDEX NO. 606919/2014
NYSCEF DOC. NO. 181
RECEIVED NYSCEF: 08/30/2017
Case 18-15691-CMG    Doc 43-17    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit O - Letters from Jedidiah Perr on ACCJ letterhead signed on behalf of AC    Page 10 of 17

**The American Center for Civil Justice, Inc.**
280 Madison Avenue, Suite 912
New York NY 10016
Tel 646-706-7015
Fax 646-706-7613
info@acenter.us

Whereas elsewhere distribution is based on priority of claim, under Canadian law the distribution will be on a pro rata basis. New York attorney Neal Sher, who has also been retained by the American Center, will be present in Toronto along with our Canadian counsel. I will keep you posted on further developments which hopefully will lead to a distribution.

The contents of this letter are confidential and privileged for recipient only and should not be discussed with anyone except representatives of the American Center or DLA Piper attorneys.

Should you have any questions or concerns regarding the matters addressed in this letter, please do not hesitate to contact me.

Best wishes,

*[signature: Jed Perr]*

Jed Perr
American Center for Civil Justice

March 24, 2014                    **PRIVLEGED & CONFIDENTIAL**

**The American Center for Civil Justice, Inc.**
280 Madison Ave.
Suite 912
New York NY 10016
Tel 646-706-7015
Fax 646-706-7613
Email: info@acenter.us

To All Khobar Towers Judgment Creditors

Approximately 10 years ago you signed an agreement with the American Center to advocate on your behalf in pursuit of justice for your claim against the Islamic Republic of Iran.

After obtaining the judgments and facing the difficulty and high cost associated with collecting hidden Iranian assets, you authorized the American Center to proceed with collections. To date attorneys and experts are currently operating in three countries pursuing assets to satisfy your claim. In letters I sent you on January 8, 2008, August 22, 2011 and October 3, 2012, I explained the need for the additional fees to pay for engaging US and International attorneys and experts. Those additional fees include all fees for DLA Piper, other international counsel, financial tracking experts, and expenses. Although the total fees for both litigation and collection have previously been capped at 36%, in some past collections I was able to limit your total costs to 32%.

Insomuch that 10 years have passed since the original agreements have been signed, our attorney is requesting that the agreements be updated and streamlined. **Please be assured that there are no changes to the aggregate cap on legal fees.** I am enclosing an updated agreement, please print your name, sign, and where applicable, print and sign as the Estate representative as well. Kindly return the documents in the enclosed envelope.

Should you have any questions about the above, please contact me.

Best wishes,

*Jed Perr*

Jed Perr

FILED: NASSAU COUNTY CLERK 08/30/2017 10:29 PM
NYSCEF DOC. NO. 188
INDEX NO. 606919/2014
RECEIVED NYSCEF: 08/30/2017
Case 18-15691-CMG    Doc 43-17    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit O - Letters from Jedidiah Perr on ACCJ letterhead signed on behalf of AC    Page 13 of 17

May 28, 2014         **PRIVLEGED & CONFIDENTIAL**         Page One

**The American Center for Civil Justice, Inc.**
280 Madison Ave.
Suite 912
New York NY 10016
Tel 646-706-7015
Fax 646-706-7613
Email: info@acenter.us

To Our Judgment Creditors

    Some years ago you signed an agreement with the American Center to advocate on your behalf relating to your claim against the Islamic Republic of Iran.

    After obtaining the judgments and facing the difficulties and high costs associated with collecting hidden Iranian assets, you authorized the American Center to proceed with collection efforts on your judgments. Attorneys and experts, retained by the American Center have been and are currently pursing assets and taken legal measures in three countries (U.S., U.K and Canada) to satisfy your judgments. In a letter I sent you dated July 14, 2011, and subsequently signed by you, I explained the need for the additional fees to pay for engaging US and international attorneys and experts. Those additional fees include all fees for DLA Piper, other international counsel, financial tracking experts, and expenses, as well as Neal Sher, whose services I detailed in my letter of July 15, 2013.

    Since many years have passed since the original agreements were entered into, our attorneys have requested that the agreements be updated and streamlined. **Please be assured that there are no changes whatsoever to the aggregate cap on legal fees.**

    In a April 30, 2014 letter, I advised that the American Center had retained Canadian counsel to represent the following American Center cases: *Heiser, et al. v. Islamic Republic of Iran, et al.*; *Blais, et al. v. Islamic Republic of Iran, et al*; *Brewer, et al. v. Islamic Republic of Iran, et al*; *Compuzano, et al. v. Islamic Republic of Iran, et al*; *Holland, et al. v. Islamic Republic of Iran, et al*; *Higgins, et al. v. Islamic Republic of Iran, et al*; *Valencia, et al. v. Islamic Republic of Iran, et al*; *Welch, et al. v. Islamic Republic of Iran, et al*; and *Ben Rafael, et al. v. Islamic Republic of Iran, et al.*

    I also advised you that other judgment creditors (not affiliated with the American Center) also had made claims on Iranian properties in Canada. Indeed, one such group has filed papers attempting to block your claims from being registered in Canada. After consulting with our attorneys in Canada it has become clear to us that our

FILED: NASSAU COUNTY CLERK 08/30/2017 10:29 PM
NYSCEF DOC. NO. 188
INDEX NO. 606919/2014
RECEIVED NYSCEF: 08/30/2017

Case 18-15691-CMG    Doc 43-17    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit O - Letters from Jedidiah Perr on ACCJ letterhead signed on behalf of AC    Page 14 of 17

May 28, 2014        **PRIVLEGED & CONFIDENTIAL**        Page Two

best and most realistic opportunity to collect a share of assets in Canada is to enter into a cooperation agreement with some of the other judgment creditors. The Agreement calls for cooperation among the various claimant groups which have attempted to seize Iranian assets in Canada. Our group collectively will receive 24% of net assets collected, **which is the highest percentage of all the groups involved.** Without such an Agreement, we would have to engage in protracted and lengthy litigation among and between the other judgment creditor groups. And, as is true for any litigation, the outcome would be uncertain.

    And so, we believe this Agreement gives each of you the best chance of sharing in these assets. Ultimately **any** distribution must first be ordered by the Court. Upon court order of the release of the assets, the 24% will be distributed to our attorneys, who will then determine and distribute to you, your *pro rata* share.

    The Canadian cooperation agreement with other judgment creditors is solely for a specific set of assets which have already been identified in Canada; we will, of course, continue to try to identify additional assets.

    The negotiations on this proposed Canadian cooperation agreement are still ongoing with the other parties, we believe, however, that we may reach agreement within the next 5-7 days. It is our opinion – and that of our Canadian and U.S. attorneys - that this proposed arrangement is favorable and provides the best opportunity for you to recover on these assets.

    If any of you have any questions or concerns on these matters, please call or email me immediately, as time is of the essence due to Canadian court deadlines.

    I am enclosing an updated agreement, which reflect some of the issues discussed above. Please print your name, sign, and notarize, and where applicable, print and sign as the Estate Representative as well. Kindly scan and email or fax to 646-706-7613, and mail the original back to the address on this letter head.

Should you have any questions about the above, please contact me.

Best wishes,

*Jed Perr*

Jed Perr

FILED: NASSAU COUNTY CLERK 08/30/2017 10:29 PM
INDEX NO. 606919/2014
NYSCEF DOC. NO. 118
RECEIVED NYSCEF: 08/30/2017
Case 18-15691-CMG    Doc 43-17    Filed 05/08/18    Entered 05/08/18 21:30:37    Desc
Exhibit O - Letters from Jedidiah Perr on ACCJ letterhead signed on behalf of AC    Page 16 of 17

September 9, 2014          **PRIVLEGED & CONFIDENTIAL**          Page One

## The American Center for Civil Justice, Inc.
### 280 Madison Avenue, Suite 912
### New York NY 10016
### Tel 646-706-7015
### Fax 646-706-7613
### info@acenter.us

TO:    All Judgment Creditors

This memorandum will briefly update you as to the post-judgment execution efforts which are currently ongoing against Iran and its instrumentalities and agencies both in this country and abroad. We will, of course, keep you posted of any developments in those matters.

I.    The Canadian Action

In earlier communications, I advised that the American Center had retained Canadian counsel to represent claimants in the following American Center cases: Heiser, et al. v. Islamic Republic of Iran, et al; Blais, et al. v. Islamic Republic of Iran, et al; Brewer, et al. v. Islamic Republic of Iran, et al; Compuzano, et al. v. Islamic Republic of Iran, et al; Holland, et al. v. Islamic Republic of Iran, et al; Higgins, et al. v. Islamic Republic of Iran, et al; Valencia, et al. v. Islamic Republic of Iran, et al; Welch, et al. v. Islamic Republic of Iran, et al; and Ben Rafael, et al. v. Islamic Republic of Iran, et al.

I also advised you that we were in the process of negotiating an agreement with other judgment creditors (not affiliated with the American Center). That Agreement calls for cooperation among the various claimant groups which have attempted to seize Iranian assets in Canada. Our group collectively will receive 24% of net assets collected.

I am pleased to inform you that the Agreement has been finalized today. Ultimately any distribution must first be ordered by the Court. Upon court order of the release of the assets you will then receive your pro rata share (of all the American Center's claimants) pursuant to part IV below. The Canadian cooperation agreement with other judgment creditors is solely for a specific set of assets which have already been identified in Canada; we will, of course, continue to try to identify additional assets.

II.    The 650 Fifth Avenue Action

By order dated May 27, 2014, the United States District Court for the Southern District of New York granted the Government's claim for forfeiture of the 650 Fifth Avenue building and various other assets and granted the judgment creditors' claims for turnover of property (including the 650 Fifth Avenue building). The Alavi Foundation and the 650 Fifth Avenue Company have filed two appeals in the United States Court of Appeals for the Second Circuit: (1) an appeal of the proposed Government forfeiture of the property and (2) and appeal of the turnover of property to the Iranian judgment creditors. These two appeals are proceeding separately but on the same schedule. They will be heard in tandem. Appellants' brief is due October 1, 2014. If your attorney Neal

September 9, 2014    PRIVLEGED & CONFIDENTIAL    Page Two

**The American Center for Civil Justice, Inc.**
280 Madison Avenue, Suite 912
New York NY 10016
Tel 646-706-7015
Fax 646-706-7613
info@acenter.us

Sher, and the other attorneys are successful on the turnover appeal, and the Government is successful on the forfeiture appeal, you will share in the proceeds from the 650 Fifth Avenue property pursuant to agreement, agreed to by the government and approved by the court.

III.    The U.K. Action

On July 23, 2014, the High Court of Justice entered a default judgment against Iran. Service of this default judgment plus various other legal proceedings must still occur before any recovery can be expected from these assets. Pursuant to a sharing agreement previously entered into, you will share in any recovered assets on a pro rata basis with other judgment creditors of Iran, subject to the terms of the July 14, 2011 collection agreement.

IV.    Distribution of monies

Once there is a court order authorizing the release of assets, and in accordance with American Center standard practice, the assets will be held in escrow by counsel for the American Center, who will then deduct the fees as establshed in the agreements you have signed with the American Center; Although under the previously signed agreements there is a 20% fee for collections, and 20% fee for litigation, we will be deducting only 36% which will cover all attorney fees and all other expenses. As you know, the American Center has expended, and continues to expend costs and legal fees for collection efforts based upon these fee agreements.

Finally, please understand that the contents of this letter are confidential and privileged for recipient only. Should you have any questions or concerns regarding the matters addressed in this letter, please call or email me immediately.

Best wishes,

*[signature: Jed Perr]*

Jed Perr
American Center for Civil Justice