**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

TIMOTHY P. NEUMANN, ESQ. [TN6429]
BROEGE, NEUMANN, FISCHER & SHAVER, L.L.C.
25 Abe Voorhees Drive
Manasquan, NJ 08736
(732) 223-8484
tneumann@bnfsbankruptcy.com

*Attorneys for Debtor-in-Possession American Center for Civil Justice, Inc.*

| | |
|---|---|
| In Re: | Chapter 11 |
| **THE AMERICAN CENTER FOR CIVIL JUSTICE, INC.,** | Case No.: 18-15691 |
| Debtor. | Judge: Hon. Christine M. Gravelle |

## BRIEF OPPOSING MOTION OF JOSHUA AMBUSH FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE

Debtor will not belabor the Court with a reiteration of the arguments made in opposition to the motion made by Robert Tolchin for the appointment of a Chapter 11 trustee. The Debtor incorporates its brief filed May 18, 2018 [Docket 51] and the arguments therein by reference. Suffice it to repeat that extant Third Circuit decisional law requires proof by clean and convincing evidence, and that the burden is on the movant and never shifts.

The instant motion is predominantly a carbon copy of the Tolchin Motion. It exhibits an abject paucity of proof and focuses primarily upon the settlement agreement. Movant can object to the Debtor's motion to assume the settlement agreement but the notion that merely entering into an agreement which has no efficacy until ordained by the New York Supreme Court and possibly the New York Attorney General, was in and of itself fraudulent, is ludicrous. The settlement agreement might not be to the Movant's liking but powers greater than he will be the final arbiter of that. The mere execution of the agreement which plainly sets forth its terms and which has been

disclosed to everyone cannot be evidence of wrong doing.

Movant does note that the Bankruptcy Code appears to mandate the appointment of an examiner. Courts, however, have noted that the statutory language requires only such examination "as is appropriate" which permits courts to circumscribe the examination, possibly to the point of no examination at all. See, In re Residential Capital, LLC, 474 B.R. 112, 116-117 (Bankr. S.D.N.Y. 2012) ("The Court concludes that appointment of an examiner is not mandatory in all cases satisfying subsection (c)(2) because the phrase "such an investigation of the debtor as is appropriate" provides a limitation on the requirement for appointment of an examiner] under either subsections (1) or (2).")

As noted in In re UAL Corp., 307 B.R. 80, 86 (Bankr. N.D. Ill. 2004):

> Section 1104 directs that the examiner be appointed to conduct "such an examination of the debtor as is appropriate" but does not specify how the determination of appropriateness should be made. There would be substantial potential for abuse and waste of estate assets if, as the AFA has argued, any party in interest in a case exceeding the debt threshold could obtain appointment of an examiner to investigate whatever matters that party specified. For example, a creditor with a simple contract claim might allege that the debtor was opposing its claim in bad faith and demand that an examiner be appointed to investigate the merits of the debtor's defense. Considerations of this sort indicate that the court presiding over a large bankruptcy case should have the authority to limit examiner investigations to "appropriate" subjects, methods, and duration, and Revco so states. Revco, 898 F.2d at 501 ("The bankruptcy court retains broad discretion to direct the examiner's investigation, including its nature, extent, and duration.")

In the instant case, the Debtor has already been put under a microscope and it has demonstrated that it can comply with legal constraints on its expenditures. No one has accused the Debtor of violating the strict financial oversight it as endured since December of 2016. Based on that track record, the Debtor firmly believes that neither an examiner nor a trustee is warranted.

If, however, the Court believes that the statute mandates an examiner, the Debtor would at least welcome an examination by a disinterested third party who could objectively expose the lack

of substance behind the accusations of the Debtor's antagonists, as redundant as that would be, given the audits and accountings that have already occurred. If an examiner is to be appointed, the motion to appoint a trustee should be put on hold. Defending the impending evidentiary hearing will entail considerable expense. If an examiner is appointed, the better course would be to defer consideration of the appointment of a Chapter 11. The examiner's report could then inform the decision of the Court whether the appointment of a trustee is truly warranted. If the motion to appoint a trustee is to go forward, then the appointment of an examiner would create duplicative expense, and any examinations, to be "as is appropriate" might be limited to those matters, if any, left unresolved after the evidentiary hearing. Having an examiner appointed while proceeding with a hearing regarding the appointment of a trustee defeats the very purpose of having an examiner.

In sum, the Debtor contends that neither an examiner nor a trustee should be appointed. The Debtor does acknowledge that it is at least within the discretion of the Court to appoint an examiner, but if that is the Court's preference, further consideration of the motion to appoint a trustee should abide the completion of the examiner's report.

Respectfully submitted,

Dated: June 5, 2018                    /s/ *Timothy P. Neumann*
                                       Timothy P. Neumann