# BROEGE, NEUMANN, FISCHER & SHAVER, L.L.C.
## ATTORNEYS AT LAW

TIMOTHY P. NEUMANN
PETER J. BROEGE
FRANK J. FISCHER
DAVID E. SHAVER
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-
CARL BROEGE
 *of counsel*

25 ABE VOORHEES DRIVE
MANASQUAN, NEW JERSEY 08736
PHONE: (732) 223-8484
FAX (732) 223-2416
EMAIL: TIMOTHY.NEUMANN25@GMAIL.COM

February 4, 2019

<u>VIA ECF</u>
Hon. Christine M. Gravelle, U.S.B.J.
U.S. Bankruptcy Court
402 East State Street
Trenton, N.J. 08608
Courtroom #3

**RE:** **American Center for Civil Justice, Inc.**
**Case No. 1815691/CMG**

Dear Judge Gravelle:

I have read the correspondence of Bob Tolchin expressing his frustration at the current status of this case. The fact remains that, although there are tentative non-binding arrangements with his clients and other creditors, Chapter 11 deals comprehensively with the claims of all creditors and at some point the claims of RLT and Joshua Ambush need to be resolved. This case is not just about who will control the Debtor.

It was my hope to get to payday for the undisputed creditors sooner by moving ahead with confirmation and escrowing the amount of the disputed claims. Engelberg, whose only agenda is the hostile takeover of the Debtor, insists upon putting his desire for control ahead of creditor interests and we therefore, as Bob acknowledges, "changed tack" at the sole behest of Engelberg.

With respect to the timing of my motion to enforce the subpoena served on the Engelbergs, that was filed on January 15 when there was no sense of urgency because the Scheduling Order of 12/19 was still in effect and 2/13 was going to be utilized to resolve disclosure issues. I initially sent a subpoena to Engelberg's counsel on September 18, 2018 (copy annexed as exhibit A) requesting the courtesy of reciprocating the cooperation I extended to them when I acknowledged service of their subpoenas. The favor was not returned. I oppose any immediate termination of discovery but do favor a new scheduling order which allows a little more time to prepare, with short deadlines to accommodate all discovery.

*February 4, 2019*
*Page 2*

Mr. Casello and I need a response to my subpoena by production of documents that are relevant to the hearing on the RLT claim and the deposition of Michael Engelberg and any other witness he intends to call. Production of documents and deposition testimony relevant to other issues such as the Engelberg proof of claim, possible causes of action against him, and his plan, can be deferred until after the commencement of the hearing. Mr. Casello is relatively new to this case, and it was only recently that he became the permanent replacement for Bill Katchen and I cannot speak for him but I do not know how he could be completely up to speed yet.

With respect to paying creditors, Bob Tolchin and I spoke to Stanley Sporkin's counsel yesterday and the have promised to have their response to a proposed consent order we have both approved which provides for the turnover of the Clearstream monies. They will need to present their own order to the US District Court to obtain authorization to release the funds but that should be a formality as they do not anticipate any opposition. I intend to file a motion seeking an order authorizing the pre-confirmation partial payment of unsecured claims in anticipation of the availability of the Clearstream funds.

        Respectfully,

        __/s/_ Timothy P. Neumann__
        Timothy P. Neumann