**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

TIMOTHY P. NEUMANN, ESQ. [TN6429]
BROEGE, NEUMANN, FISCHER & SHAVER, L.L.C.
25 Abe Voorhees Drive
Manasquan, NJ 08736
Tel: (732) 223-8484
Email: Timothy.neumann25@gmail.com

*Attorneys for Debtor/Debtor-in-Possession*
*American Center for Civil Justice, Inc.*

| | |
|---|---|
| In Re: | Chapter 11 |
| **AMERICAN CENTER FOR CIVIL JUSTICE, INC.,** | Case No.: 18-15691 |
| Debtor. | Judge: Christine M. Gravelle |

**CERTIFICATION OF TIMOTHY NEUMANN IN OPPOSITION TO MOTIONS OF THE CAMPUZANO CREDITORS AND MICHAEL ENGELBERG PURSUANT TO F.R.C.P 37 AND FED. R. BANKR. PROC. 9037**

Timothy Neumann, of full age, hereby certifies, as follows:

1. I am the attorney for the American Center for Civil Justice, Inc. ("Debtor").

2. I submit this Certification in response to the motion of Michael Engelberg for an Order Pursuant to Federal Rule of Civil Procedure 37 and Fed. R. Bankr. P. 7037 (the "Engelberg Rule 37 Motion") filed on January 23, 2018[DE[1] 321] and the motion of Diana Campuzano, Avi Elishis and Gregg Salzman for an Order Pursuant to Federal Rule of Civil Procedure 37 and Fed. R. Bankr. P. 7037 (the "Campuzano Rule 37 Motion") filed November 4, 2018 [DE 257].

3. The Engelberg Rule 37 Motion is supported solely by the certification of David Howe [DE 321-1] which states at ¶2:

> 2.    I submit this Certification in support of Michael Engelberg's Motion for an Order Pursuant to Federal Rule of Civil Procedure 37 and Fed. R. Bankr. P. 7037 (the "Motion"). As explained in this Certification, Dr. Engelberg has already filed a joinder in a motion of certain other creditors (the Campuzano Claimants) for relief pursuant to Federal Rule of Civil Procedure 37 and Fed. R. Bankr. P. 7037. Dr. Engelberg is

---

[1] "DE" followed by a numerical value refers to a specific docket entry on the Court's docket in this Chapter 11 case.

submitting this separate motion in order to preserve his pending joinder, should the Campuzano Claimants decide to withdraw their motion, and to provide an update to the Court regarding the status of the discovery provided (and not provided) by the Debtor to date.

4. The Campuzano Claimants Rule 37 motion [DE 257-1] states at ¶ 25:

25. The Campuzano Creditors respectfully submit that the proper remedy at this point is relief pursuant to Fed. R. Civ. P. 37(b)(2)(A), applicable in Bankruptcy Court via Bankruptcy Rule 7037, which permits the Court to enter "further just orders" which "may include the following:
   (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
   (iii) striking pleadings in whole or in part;
   (iv) staying further proceedings until the order is obeyed;
   (v) dismissing the action or proceeding in whole or in part;
   (vi) rendering a default judgment against the disobedient party; or
   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

5. The above passage quotes selectively from the applicable rule provision. It omits the first paragraph of Fed. R. Civ. P. 37(b)(2)(A) which states:

**(A)** For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

6. The predicate for any of the relief enumerated is failure to obey an order to provide or permit discovery. No order directing the Debtor or its principals to provide discovery has been entered in this case.

7. The Howe certification accurately states that David Howe recommended an e-discovery vendor that his firm uses, CDS/Relativity ("CDS"). I hired CDS and have been working with them in reviewing voluminous emails. From time to time, I have consulted David Howe to ascertain his preferences in conducting the document review. An example is the following email exchange of January 29, 2019 in which I relayed to David an inquiry from Orrin Case of CDS:

2

**David Howe** <david@livingstonhowe.com>
to me, Joe, Mo, Jeffrey

Tim:
Our preferences are:
1 – use those emails addresses when running Section 2 searches.
2 – search email body as well as headers.
Thanks,
David

**From:** Timothy Neumann [mailto:timothy.neumann25@gmail.com]
**Sent:** Tuesday, January 29, 2019 10:36 AM
**To:** Jeffrey Livingston <jeff@livingstonhowe.com>
**Cc:** Joe Casello <jcasello@cvclaw.net>; Mo Bauer <msbauer@norris-law.com>; David D. <david@livingstonhowe.com>
**Subject:** Re: ACCJ/ACCJ-RLT; Milton Pollack

David,
CDS has asked the following. Let me know your preference.

Hi Tim,
Looking at section 1 email addresses of the search terms Word doc, would you like us to run the emails there across the entire data set, or should we use those email addresses when running searches for section 2 search terms?
Also, when searching on email addresses should the searches be limited to email headers only, or should we also search within the email body as well?
Thank you
Orrin

8. I conveyed Mr. Howe's instructions to CDS.

9. The discovery sought relates in part to an agreement between the Debtor and RLT the existence of which Engelberg is disputing, and he has asked for discovery from January 1, of 2007. This request encompasses the emails of Eliezer Perr, Neal Sher, and Jed Perr for the past 11 years, and includes many communications with attorneys that are privileged. A sense of the magnitude of the undertaking appears from the following January 29, 2018 email from Mr. Case:

   On Tue, Jan 29, 2019 at 11:27 PM Orrin Case <ocase@cdslegal.com> wrote:

   Hi Tim,

> Please see search results below and reports attached where search terms were run; we can provide you access to Relativity so you can take a look at the results before promoting to review. Thank you.
> Noting the total document universe is **190,128** documents.
> - (a and b) Date 1/1/2009 returns **2,975** documents including family, report attached.
> - (c, e, f) No Date returns **1,885** documents including family, report attached.
> - (d) Date 2007 + Emails J Perr and E Perr returns **62,720** documents including family.
> - (g) Date 2011 + Emails DLA + J Perr + E Perr + NOT M Engelberg returns **638** documents including family.
> - (h) No Date + Emails J Perr + E Perr plus terms returns **1,655** documents including family, report attached.
> - (i and j) No Date + Emails J Perr, E Perr, N Sher returns **736** documents including family, report attached.
> - (k) Date 2013 + Emails Caplin & Drysdale, E Perr, J Perr, N Sher, M Pollack returns **5** documents including family, report attached.
> - (l) Emails: J Leuhring or S Deutsch + NOT M Engelberg returns **8** documents including family.
> - (3) No Date + File name Amendment Agreement returns **27** documents including family.
> - (4) Document Extension Excel + Author J Perr returns **130** documents including family.
>
> Orrin

10. The initial document universe of 190,128 documents was all of the emails with attachments Eliezer Perr, Neal Sher and Jed Perr. Those have been filtered using search terms supplied by Dr. Engelberg's counsel. That process reduced the population to approximately 8,000, all of which had to be individually reviewed and categorized as either responsive or non-responsive to the subpoena, and privileged or non-privileged, and the privileged documents denoted as attorney/client or work product.

11. As of today, I have supplied to Dr. Engelberg's counsel the responsive non-privileged emails plus attachments of Neal Sher and Elie Perr.

12. I am awaiting to receive from CDS the production of Jed Perr's emails which I anticipate receiving this week. Those will have to be reviewed but they will be as soon as possible.

I certify that the above statements of fact are true. I acknowledge that if any of the

above statements of fact are willfully false, I am subject to punishment.

February 25, 2019

*/s/ Timothy Neumann*
Timothy Neumann