UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| | : Case No. 18-15691 (CMG) |
| In re: | : |
| | : |
| American Center for Civil Justice, Inc., | : Chapter 11 |
| | : |
| | : Judge Christine M. Gravelle |
| Debtor. | : |
| | : Hearing Date: February 16, 2021 @ 10:00 a.m. |

### OBJECTION OF THE UNITED STATES TRUSTEE TO NOTICE OF
### INTENTION TO CLOSE CASE PURSUANT TO D.N.J. LBR 3022-1(a)

The United States Trustee (the "U.S. Trustee"), by and through counsel, in furtherance of

his duties and responsibilities under 28 U.S.C. §§ 586(a)(3) and (5), hereby respectfully submits

this Objection to the Clerk's Notice of Intention to Close Case Pursuant to D.N.J. LBR 3022-1(a)

(the "Objection"). In support of the Objection, the U.S. Trustee respectfully represents as

follows:

1. On March 23, 2018 (the "Petition Date"), American Center for Civil Justice, Inc. (the

"Debtor") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code

(the "Bankruptcy Code"). *See* ECF No. 1.

2. On August 11, 2020, the Court entered an Order Confirming Chapter 11 Plan. *See*

ECF No. 697.

3.  On January 11, 2021, the Clerk filed a Notice of Intention to Close Case (the

"Notice").  *See* ECF No. 752.

4.  In order for a case to close, the Court must determine that the estate has been fully

administered:

> After an estate is fully administered and the court has discharged
> the trustee, the court shall close the case.

*See* 11 U.S.C. § 350(a).

5.  If the Court determines that the estate is fully administered, the Court is required to

enter a final decree closing the case:

> After an estate is fully administered in a chapter 11 reorganization
> case, the court, on its own motion or on motion of a party in
> interest, shall enter a final decree closing the case.

*See* Fed. R. Bankr. P. 3022.

6.  The Debtor is obligated to file post-confirmation quarterly reports and to pay statutory

quarterly fees under 28 U.S.C. § 1930(a)(6):

> ... a quarterly fee shall be paid to the United States trustee, for
> deposit in the Treasury, in each case under chapter 11 of title 11
> for each quarter (including any fraction thereof) until the case is
> converted or dismissed, whichever occurs first...

*See* 28 U.S.C. § 1930(a)(6).

7.  This case can only be fully administered pursuant to 11 U.S.C. § 350 if all reports are

filed, including an initial distribution report, and all statutory quarterly fees are paid up to the

date the Court closes this case.

8.  Here, the Debtor has failed to file a quarterly operating report for the fourth quarter of

2020.  In addition, the Debtor will have to provide disbursement information for the first quarter

of 2021.

9.  Without the filing of the fourth quarter 2020 quarterly operating report and without providing the disbursement information for the first quarter of 2021, the amount of statutory fees outstanding, if any, cannot be determined to finality.

10.  It is respectfully asserted that the fourth quarter 2020 quarterly operating report must be filed, that the disbursement information for the first quarter of 2021 must be provided, and statutory fees must be paid prior to closure of the case.

Wherefore, for the foregoing reasons, the U.S. Trustee respectfully requests that the above-captioned case not be closed until the case is fully administered including the Debtor filing quarterly operating reports, providing disbursement information, paying all attendant statutory fees as required by 28 U.S.C. § 1930(a)(6), and granting such other and further relief that is deemed just and equitable.

<div style="margin-left:40%">

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9


By:____/s/ Jeffrey M. Sponder___
         Jeffrey M. Sponder
         Trial Attorney

</div>

Dated:  February 8, 2021